BILL v NORTHWESTERN NATIONAL LIFE INSURANCE
COMPANY

Docket No. 77578. Submitted April 17, 1985, at Detroit.—Decided
June 19, 1985.

Plaintiff, Peter Bill, Jr., receives disability benefits from defendant, Northwestern National Life Insurance Company, under a group disability policy issued by defendant to plaintiff's employer. Plaintiff also receives social security disability benefits, and defendant has offset the social security benefits against its payments of disability insurance benefits, pursuant to a provision in the insurance policy. Plaintiff brought an action in Oakland Circuit Court, alleging that the policy provisions allowing the setoff were contrary to the Insurance Code and, therefore, void. The circuit court, John H. O'Brien, J., granted summary judgment for plaintiff and denied defendant's motion for rehearing. Defendant appealed, alleging that the policy was not void because it was issued pursuant to an order of the Insurance Commissioner which exempted group disability insurance from the statutory requirement that insurance policies are to be filed with and approved by the commissioner before being issued. Plaintiff alleged that the commissioner had no power to exempt disability policies from the filing requirements. *Held:*

1. The Insurance Commissioner was not empowered to exempt group disability insurance policies from the filing requirements. MCL 500.2242, which specifically requires group disability policies to be filed and approved, prevails over MCL 500.2236(6)(d), which is a more general provision allowing for the exemption from filing of various insurance documents.

2. Because the Insurance Commissioner had no power to

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Statutes § 257.

[2] Am Jur 2d, Insurance §§ 22, 30.

[3] Am Jur 2d, Insurance § 133 *et seq.*

[4] Am Jur 2d, Insurance § 1842 *et seq.*

Applicability of other insurance benefits exclusion, from coverage of hospital or health and accident policy, to governmental insurance benefits to which insured would have been entitled by prior subscription. 29 ALR4th 361.

exempt group disability policies from the filing and approval requirements, and because the policy herein was issued by defendant without filing and approval, the policy was issued in violation of the Insurance Code.

3. A policy issued in violation of the code is not invalid but, wherever its provisions conflict with provisions of the code, the code governs. The policy provision allowing for deduction from benefits of any social security disability benefits received conflicts with the Insurance Code's provision that such benefits, being statutory, compulsory benefits, are deemed to be benefits of which the defendant had notice and are not to be offset against plaintiff's insurance benefits.

4. The insurance policy provision allowing setoff of worker's compensation benefits also violates the Insurance Code.

Affirmed.

1. STATUTES — SPECIFIC STATUTES — GENERAL STATUTES.

A statute specific in language and enacted contemporaneously or subsequent to a general statute covering the same subject matter constitutes an exception to the general statute if there appears to be a conflict between them.

2. INSURANCE — INSURANCE COMMISSIONER — GROUP DISABILITY INSURANCE.

The Insurance Commissioner is not empowered to exempt a group disability insurance policy from the requirement that such a policy be filed with and approved by the commissioner before being issued (MCL 500.2242; MSA 24.12242).

3. INSURANCE — INSURANCE CODE.

An insurance policy issued in violation of the Insurance Code is not invalid, but where any provision of the policy conflicts with the code the rights, duties and obligations of the parties are governed by the code (MCL 500.3468[2]; MSA 24.13468[2]).

4. INSURANCE — GROUP DISABILITY INSURANCE — COMPULSORY BENEFITS — SETOFF.

Any compulsory statutory benefits paid to a recipient of disability insurance benefits are to be considered as "other valid coverage of which the insurer had notice" where the insurance policy is one governed by the provisions of the Insurance Code and, therefore, may not be offset against the disability insurance benefits; social security disability payments are such mandatory benefits which may not be offset (MCL 500.3440; MSA 24.13440).

*Thomas A. Ricca,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C. (by Mary Catherine Rentz),* for defendant.

Before: GRIBBS, P.J., and T. M. BURNS and R. B. MARTIN,* JJ.

PER CURIAM. In 1975 the defendant issued a group disability policy to plaintiff's employer. Since 1977 plaintiff has been totally disabled with multiple sclerosis and has been receiving disability benefits from the defendant. These benefits have been reduced by the amount of social security benefits plaintiff has received. Plaintiff sued in circuit court claiming the contract provisions allowing the offset of social security benefits were void because contrary to the provisions of the Insurance Code. The trial court granted plaintiff a summary judgment and denied defendant's motion for rehearing. The defendant appeals.

The parties agree the contract itself provides that the defendant can deduct the amount of plaintiff's social security payments from the insurance contract disability benefits. Appellant claims the Insurance Code allowed the commissioner to issue the order he did which exempted group disability insurance from the portion of the statute which required the policies to be filed with and approved by the commissioner. The plaintiff claims the commissioner had no statutory right to exempt the defendant from the provisions of the statute requiring filing and securing approval of a disability policy.

The answer to the dispute is contained in the Insurance Code and the construction to be given portions of that code.

* Former circuit judge, sitting on the Court of Appeals by assignment.

MCL 500.2236(1); MSA 24.12236(1) states:

"No basic insurance policy form or annuity contract form shall be issued or delivered to any person in this state, and no application form where a written application is required and is to be made a part of such policy or contract, no printed rider or indorsement form or form of renewal certificate, and no group certificate in connection with any such policy or contract, shall be issued or delivered to any person in this state, until a copy of the form thereof is filed with the department of insurance and approved by the commissioner as conforming with the requirements of this code and not inconsistent with the law."

MCL 500.2236(6)(d); MSA 24.12236(6)(d) states:

"The filing requirements of this section shall not apply to:

\* \* \*

"(d) Policies, riders, indorsements or forms of unique character designed for and used with relation to insurance upon a particular subject, or which relate to the manner of distribution of benefits or to the reservation of rights and benefits under life or disability insurance policies and are used at the request of the individual policyholder, contract holder or certificate holder. The commissioner by order may exempt from the filing requirements of this section for so long as he deems proper any insurance document or form or type thereof as specified in the order to which this section practicably may not be applied, or the filing and approval of which are not desirable or necessary for the protection of the public."

On September 1, 1968, the Commissioner of Insurance issued an order which provided that certain insurance documents and forms were exempt from the filing and approval requirements of the Insurance Code. One of the types of insurance documents exempted was that relating to group

accident and health insurance. This particular heading includes group disability insurance, and the defendant believes that because of this order or exemption it had no obligation to file pursuant to MCL 500.2236(1).

Plaintiff relies on MCL 500.2242; MSA 24.12242, which states in part:

"(1) No group disability policy may be issued or delivered in this state unless a copy of the form has been filed with the commissioner and approved by him.

"(2) The commissioner may within 30 days after the filing of any disability insurance policy form applicable to individual or family expense coverage, disapprove such form: (a), if the benefits provided therein are unreasonable in relation to the premium charged, or (b), if it contains a provision or provisions which are unjust, unfair, inequitable, misleading, deceptive or encourage misrepresentation of such policy, or (c), if it does not comply with other provisions of law; subject to the requirements as to notice, hearing and appeal set forth in sections 2236 and 244."

MCL 500.2242 does not contain a section permitting the commissioner to exempt group disability insurance from the filing or approval requirements. Which section takes precedence?

Does MCL 500.2236; MSA 24.12236 allow the Insurance Commissioner to waive the filing requirements for group disability insurance, or should MCL 500.2242; MSA 24.12242 be given precedence to make mandatory, without exception, the filing and approval requirement for group disability insurance? The rules of statutory construction can be found in *People v Joseph,* 110 Mich App 465, 471-472; 313 NW2d 340 (1981):

"A basic rule of statutory construction is that a statute specific in language and enacted contemporaneously or subsequent to a general statute covering the

same subject matter constitutes an exception to the general statute if there appears to be conflict between them. *State Highway Comm'r v Detroit City Controller,* 331 Mich 337; 49 NW2d 318 (1951), *People v McFadden,* 73 Mich App 232; 251 NW2d 297 (1977)."

See, also, *State Bar of Michigan v Galloway,* 124 Mich App 271; 335 NW2d 475 (1983), and *Dossin's Food Products, Inc v State Tax Comm,* 360 Mich 312; 103 NW2d 474 (1960), and the cases cited therein.

*Reed v Secretary of State,* 327 Mich 108, 113; 41 NW2d 491 (1950), quotes from *Heims v School Dist No 6 of Davison Twp,* 253 Mich 248, 251-252; 234 NW 486 (1931):

"It is a rule of statutory construction—

" 'that where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision, especially when such general and special acts or provisions are contemporaneous, as the legislature are not presumed to have intended a conflict.' "

In our case MCL 500.2236(1); MSA 24.12236(1) certainly is a section generalizing the commissioner's powers. MCL 500.2242; MSA 24.12242 is a specific control over the commissioner on a specific type of policy. MCL 500.2242 controls. The defendant issued its policy without filing it with the commissioner and without securing the commissioner's approval before it was issued. The commissioner had no power to exempt this type of policy from the filing and approval requirements. The policy was issued in violation of the code.

MCL 500.3468(2); MSA 24.13468(2) states how a

policy issued in violation of the code should be construed:

"(2) A policy delivered or issued for delivery to any person in this state in violation of this insurance code shall be held valid but shall be construed as provided in this code. When any provision in a policy subject to this chapter is in conflict with any provision of this chapter, the rights, duties and obligations of the insurer, the insured and the beneficiary shall be governed by the provisions of this chapter."

The policy in our case had a section entitled "insurance from other sources". This provided for the deduction of social security disability payments from any disability payments due under the insurance contract. It must be construed as provided in MCL 500.3440; MSA 24.13440:

"There may be a provision as follows:
"INSURANCE WITH OTHER INSURERS: If there be other valid coverage, not with this insurer, providing benefits for the same loss on other than an expense incurred basis and of which this insurer has not been given written notice prior to the occurrence or commencement of loss, the only liability for such benefits under this policy shall be for such proportion of the indemnities otherwise provided hereunder for such loss as the like indemnities of which the insurer had notice (including the indemnities under this policy) bear to the total amount of all like indemnities for such loss, and for the return of such portion of the premium paid as shall exceed the pro rata portion for the indemnities thus determined. (If the foregoing policy provision is included in a policy which also contains the policy provision set out in section 3438 there shall be added to the caption of the foregoing provision the phrase '— OTHER BENEFITS'. The insurer may, at its option, include in this provision a definition of 'other valid coverage', approved as to form by the commissioner, which definition shall be limited in subject matter to coverage provided by organizations subject to regulation

by insurance law or by insurance authorities of this or any other state of the United States or any province of Canada, and to any other coverage the inclusion of which may be approved by the commissioner. In the absence of such definition such term shall not include group insurance, or benefits provided by union welfare plans or by employer or employee benefit organizations. For the purpose of applying the foregoing policy provision with respect to any insured, any amount of benefit provided for such insured pursuant to any compulsory benefit statute (including any workmen's compensation or employer's liability statute) whether provided by a governmental agency or otherwise shall in all cases be deemed to be 'other valid coverage' of which the insurer has had notice. In applying the foregoing policy provision no third party liability coverage shall be included as 'other valid coverage'.)"

Under MCL 500.3440 the insurer can only offset payments from "other valid coverage" of which the insurer "has not been given written notice". However, any amount provided pursuant to a compulsory benefit statute is deemed to be "'other valid coverage' of which the insurer has had notice". The plaintiff was required to pay for social security disability insurance. Since social security disability payments are compulsory benefits, the defendant is deemed to have had notice of them. Therefore, under MCL 500.3440 the defendant may not offset social security disability benefits from its insurance coverage for the plaintiff.

In addition we note MCL 500.3430; MSA 24.13430, which states:

"Except as provided in subsection (2) of section 3406 (inapplicable or inconsistent provisions), no such policy delivered or issued for delivery to any person in this state shall contain provisions respecting the matters set forth in sections 3432 through 3454 unless such provisions are in the words in which the same appear in such sections: Provided, however, That the insurer may,

at its option, use in lieu of any such provision a corresponding provision of different wording approved by the commissioner which is not less favorable in any respect to the insured or the beneficiary. Any such provision contained in the policy shall be preceded individually by the appropriate caption appearing in the pertinent section or, at the option of the insurer, by such appropriate individual or group captions or subcaptions as the commissioner may approve."

The income from other sources provision of the contract contains provisions respecting matters set forth in MCL 500.3440. The contract provides that workmen's compensation benefits are deductible from insurance benefits. MCL 500.3440 specifically states that workmen's compensation benefits may not be deducted from insurance liability benefits. The contract is less favorable to the insured than is the statute, so the contract violated MCL 500.3430. Therefore, MCL 500.3468(2) applies and the statutory language controls for the whole section of the contract.

Appellant further claims that setoff provisions are routine in the industry and that without the setoff provisions premiums will rise dramatically and insureds will earn more while disabled at home than they would when healthy at work. These claims were not raised in the trial court and need not be addressed here. In any event the arguments pertain solely to economics and not to questions of law. Appellant's correct avenue of approach is a proper submission of those arguments to the Insurance Commissioner or the Legislature.

We affirm.