ROMEIN v GENERAL MOTORS CORPORATION

GONZALEZ v FORD MOTOR COMPANY

Docket Nos. 101298, 101510. Submitted January 14, 1988, at Lansing. Decided May 16, 1988. Leave to appeal applied for.

Evert Romein sustained a work-related injury prior to March 31, 1982. His employer, General Motors Corporation, paid workers' compensation benefits until September, 1983, when the workers' compensation benefits were reduced to zero after coordination with pension and social security old-age benefits. Following a hearing in June, 1984, a referee for the Bureau of Workers' Disability Compensation ordered General Motors to pay Romein's workers' compensation benefits without coordination and ordered General Motors to pay a $1,500 penalty. On May 20, 1987, the Workers' Compensation Appeal Board reversed, citing *Franks v White Pine Copper Div*, 422 Mich 636 (1985), in which the Supreme Court held that 1981 PA 203, MCL 418.354; MSA 17.237(354), allows employers to reduce the amount of workers' compensation benefits payable after March 31, 1982, for periods of disability after that date by deducting other employer-financed benefits such as social security, disability and pension benefits even where a worker's date of injury is before March 31, 1982, the effective date of 1981 PA 203.

Arturo Gonzalez sustained a work-related injury prior to March 31, 1982. Under a voluntary agreement with his employer, Ford Motor Company, Gonzalez received workers' compensation benefits until August, 1982, when the workers' compensation benefits were reduced to zero after coordination with other employer-financed benefits. Following a hearing in September, 1984, a referee for the Bureau of Workers' Disability Compensation decided that Ford improperly coordinated and reduced Gonzalez's workers' compensation benefits and ordered Ford to pay a $1,500 penalty. On May 27, 1987, the WCAB decided that Ford may not coordinate Gonzalez's workers' compensation benefits with other employer-financed benefits, citing 1987 PA 28, MCL 418.354(17)-(20); MSA 17.237(354)(17)-(20), effective

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 357 *et seq. See the Index to Annotations under Workmen's Compensation.*

May 14, 1987, by which the Legislature expressly declared that the Supreme Court's decision in *Franks* was erroneous, insofar as it interprets § 354 to permit coordination of workers' compensation benefits with other employer-financed benefits for injuries sustained before March 31, 1982, and amended § 354 to provide that workers' compensation benefits payable under §§ 351, 361 or 835 of the Workers' Disability Compensation Act for injuries sustained before March 31, 1982, may not be coordinated with other employer-financed benefits and that, if an employee's workers' compensation benefits were so coordinated previously, reimbursement of the amounts withheld are to be made with interest.

Applications by Evert Romein and by Ford Motor Company for leave to appeal and a motion to intervene brought by the Attorney General were granted by the Court of Appeals.

The Court of Appeals consolidated the cases and *held:*

1. The retrospective operation of subsections 17 through 20 of § 354 does not violate the due process clause or the impairment of contract clause of either the state or federal constitution since the challenged legislation is justified by a rational remedial legislative purpose and does not abrogate a vested or contractual right enjoyed by the affected employers.

2. Subsections 17 through 20 of § 354 do not violate the separation of powers clause or the one court of justice clause of the Michigan Constitution. The Legislature, in passing the challenged legislation, did not attempt to direct the courts in the exercise of judicial power or to infringe on that power in any way; rather, it merely sought to cure a defect in a prior law erroneously interpreted by the Supreme Court. The Legislature's amendatory language simply makes explicit the retrospective legislative purpose which the Supreme Court, in *Franks,* found to be wanting in the 1981 version of § 354.

3. In light of the confusion in the law regarding the issues presented in these cases, and the fact that a substantial question of statutory construction was involved, no penalty shall be assessed against the employers.

The decision in the Romein case is reversed and the decision in the Gonzalez case is affirmed.

1. WORKERS' COMPENSATION — COORDINATION OF BENEFITS — CONSTITUTIONAL LAW.

The retrospective operation of subsections 17 through 20 of § 354 of the Workers' Disability Compensation Act, which provide that workers' compensation benefits payable under §§ 351, 361 or 835 for injuries sustained before March 31, 1982, may not be

coordinated with other employer-financed benefits and that, if an employee's workers' compensation benefits were so coordinated previously, reimbursement of the amounts withheld are to be made with interest, does not violate the due process clause or the impairment of contract clause of either the state or federal constitution; enactment of these subsections was justified by a remedial legislative purpose and did not abrogate a vested or contractual right enjoyed by the affected employers (US Const, art I, § 10, Am XIV; Const 1963, art 1, §§ 10, 17; 1987 PA 28, MCL 418.354[17]-[20]; MSA 27.237[354][17]-[20]).

2. WORKERS' COMPENSATION — COORDINATION OF BENEFITS — CONSTITUTIONAL LAW.

Subsections 17 through 20 of § 354 of the Workers' Disability Compensation Act do not violate the separation of powers clause or the one court of justice clause of the Michigan Constitution; the Legislature, in enacting these subsections, did not attempt to direct the courts in the exercise of judicial power or to infringe on that power in any way, but merely sought to cure a defect in § 354 (Const 1963, art 3, § 2, art 6, § 1; 1987 PA 28, MCL 418.354[17]-[20]; MSA 17.237[354][17]-[20]).

*Levine, Benjamin, Tushman, Bratt, Jerris & Stein, P.C.* (by *Barrie R. Bratt* and *Charles P. Burbach*), for Evert Romein.

*James M. O'Reilly,* for Arturo Gonzalez.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Theodore Sachs*), of Counsel, for Evert Romein and Arturo Gonzalez.

*Bodman, Longley & Dahling* (by *Theodore Souris, Kim Michael Lavalle* and *Martha B. Goodloe*), for General Motors Corporation and Ford Motor Company, and *John P. Raleigh* and *John G. Rahie,* of Counsel, for General Motors Corporation, and *Douglas E. Cutler, Anthony P. Marchese, Jr.,* and *Alan S. Gorosh,* of Counsel, for Ford Motor Company.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, and *Sterling W. Schrock* and *George H. Weller,* Assistant Attorneys General, for the Attorney General.

Before: SHEPHERD, P.J., and WAHLS and G. B. FORD,* JJ.

WAHLS, J. These consolidated cases require us to determine the constitutionality of statutory amendments to the Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237 (101) *et seq.* Those amendments, set forth in 1987 PA 28, MCL 418.354(17)-(20); MSA 17.237 (354)(17)-(20), provide, in part, that workers' compensation payments resulting from liability pursuant to §§ 351, 361 or 835 of the act for personal injuries occurring before March 31, 1982, should not be coordinated with other employer-financed benefits specified in § 354, and that, if an employee's benefits were so coordinated previously, reimbursement with interest of the amounts withheld should be made. The employers in the present cases argue that the amendments, which are applicable retroactively to cases involving injuries which occurred before March 31, 1982, first, "violate the due process and contract clauses of the federal and state constitutions by retroactively imposing additional liability upon employers for past compensable periods," and, second, "violate the separation of powers and the one court of justice clauses of the Michigan constitution of 1963." We disagree and conclude that neither of these constitutional challenges possesses merit.

### BACKGROUND

In order to place in context the issues presented

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

in this case, it is necessary to review briefly the legislative history of the challenged statute. In 1980 and 1981, the Legislature enacted several amendments to the Workers' Disability Compensation Act. As part of those amendments, the benefit rate structure was changed, providing for an increase in weekly compensation from two-thirds of an employee's average weekly wages to eighty percent of an employee's after-tax average weekly wages. 1980 PA 357; MCL 418.351; MSA 17.237(351). Another portion of the workers' compensation reforms, 1981 PA 203, which became effective on March 31, 1982, reduced an employer's liability for workers' compensation benefits by the amount of certain other employer-financed benefits (e.g, social security old-age insurance, pension, retirement, wage continuation, self-insurance, disability insurance) received by the employee. MCL 418.354; MSA 17.237(354). This setoff or "coordination" of benefits was intended to eliminate the duplication of benefits for injured workers and thus avoid creating a disincentive to work.

After § 354 became effective on March 31, 1982, some employers began to coordinate the workers' compensation benefits of many of their retired or disabled employees, including some employees who had been injured prior to March 31, 1982. As a result, employees injured before that date were being subjected to a reduction of benefits through coordination, even though they did not receive the increased maximum benefit rates pursuant to the statutory amendment. In *Chambers v General Motors Corp,* 1982 WCABO 132, the Workers' Compensation Appeal Board held that the § 354 coordination-of-benefits provision could not be applied to claimants injured before March 31, 1982. Similarly, this Court, in *Franks v White Pine Copper Division, Copper Range Co,* 122 Mich App

177, 184-185; 332 NW2d 447 (1982), observed that the Legislature did not intend for employees injured before March 31, 1982, to have their workers' compensation benefits coordinated, citing Senate Concurrent Resolution No. 575, which stated that the coordination legislation in § 354 "was not designed to disrupt benefits which were already being received by an employee prior to the effective date of this act or benefits resulting from injuries incurred prior to the act's effective date," and that the coordination of benefits provided for in § 354 was "not to be applied retroactively to those receiving worker's disability compensation payments or those injured prior to the effective date of this act."

Nevertheless, the Supreme Court, in reviewing *Chambers, Franks,* and a third consolidated case, held that the Legislature in fact intended that the benefits of all disabled employees be coordinated after March 31, 1982, even if some of those employees were injured before that date. *Franks v White Pine Copper Div,* 422 Mich 636, 664; 375 NW2d 715 (1985). Based on the Supreme Court's decision in *Franks,* employers who had been coordinating the workers' compensation benefits of employees injured before March 31, 1982, could continue to coordinate those benefits, and some employers who had not been coordinating the benefits of their disabled employees who were injured before March 31, 1982, required those employees to pay back the money that had been "overpaid" to them since that date.

On December 30, 1985, the Supreme Court denied a motion to rehear the consolidated cases. However, the author of the *Franks* decision, Justice PATRICIA J. BOYLE, dissented, voting to grant the motion for rehearing. Justice BOYLE opined that reconsideration led her to believe—contrary

to her earlier expressed view that the plain meaning of § 354 required the coordination of benefits for all disabled employees after March 31, 1982— that the language of § 354 "is ambiguous and requires construction," and that "[t]he incorrect methodology of our opinion leaves serious questions regarding the original decision in these cases." 424 Mich 1203. Moreover, Chief Justice WILLIAMS and Justice CAVANAGH, while concurring in the denial of the motion for rehearing, wrote separately to clarify that their denial intimated no opinion regarding employers' attempts to recoup overpayments.

There was significant public reaction criticizing the Supreme Court's decision in *Franks.* Critics included members of the Legislature that had passed § 354; James M. Brakora, Director of the Bureau of Workers' Disability Compensation; and former Governor William G. Milliken. In a letter dated October 25, 1985, Governor Milliken stated that the Supreme Court had misconstrued the intent of his administration and the Legislature because "[i]t was not our intent that the coordination apply in any way to persons who had suffered their injuries prior to the effective date of the amendments." In response to the *Franks* opinion, the Legislature adopted 1987 PA 28, which became effective on May 14, 1987, the relevant portions of which provide:

(17) The decision of the Michigan Supreme Court in *Franks v White Pine Copper Division,* 422 Mich 636 (1985) is declared to have been erroneously rendered insofar as it interprets this section, it having been and being the legislative intention not to coordinate payments under this section resulting from liability pursuant to section 351, 361, or 835 for personal injuries occurring before March 31, 1982. It is the purpose of this amendatory act

to so affirm. This remedial and curative amendment shall be liberally construed to effectuate this purpose.

(18) This section applies to payments resulting from liability pursuant to section 351, 361 or 835 for personal injuries occurring on or after March 31, 1982. Any payments made to an employee resulting from liability pursuant to section 351, 361, or 835 for a personal injury occurring before March 31, 1982 that have not been coordinated under this section as of the effective date of this subsection shall not be coordinated, shall not be considered to have created an overpayment of compensation benefits, and shall not be subject to reimbursement to the employer or carrier.

(19) Notwithstanding any other section of this act, any payments made to an employee resulting from liability pursuant to section 351, 361, or 835 for a personal injury occurring before March 31, 1982 that have been coordinated before the effective date of this subsection shall be considered to be an underpayment of compensation benefits, and the amounts withheld pursuant to coordination shall be reimbursed with interest, within 60 days of the effective date of this subsection, to the employee by the employer or carrier.

(20) Notwithstanding any other section of this act, any employee who has paid an employer or carrier money alleged by the employer or carrier to be owed the employer or carrier because that employee's benefits had not been coordinated under this section and whose date of personal injury was before March 31, 1982 shall be reimbursed with interest, within 60 days of the effective date of this subsection, that money by the employer or carrier. [MCL 418.354 (17)-(20); MSA 17.237(354) (17)-(20).]

FACTS AND PROCEDURAL HISTORY

In Docket No. 101298, plaintiff, Evert Romein, was receiving workers' compensation benefits of

$99 per week due to injuries he sustained on December 5, 1977, while working for defendant, General Motors Corporation. In September, 1983, GMC began coordinating Romein's workers' compensation benefits based upon his receipt of pension and social security old-age benefits. As a result of this coordination, his benefits were reduced to zero dollars. In June, 1984, a hearing referee in the Bureau of Workers' Disability Compensation ordered that Romein's workers' compensation benefits be paid without coordination and that GMC pay a $1,500 penalty. On May 20, 1987, the WCAB, citing the Supreme Court's decision in *Franks,* reversed the referee's determination, prompting Romein to apply for leave to appeal in this Court.

In Docket No. 101510, plaintiff, Arturo Gonzalez, was receiving workers' compensation benefits of $176 per week pursuant to a voluntary agreement of the parties due to a disabling lung condition Gonzalez allegedly had developed as a consequence of his exposure to certain materials while working for defendant, Ford Motor Company. In August, 1982, Ford began to coordinate Gonzalez's benefits with other benefits he received, thus reducing his weekly workers' compensation payment to zero dollars. In September, 1984, a hearing referee in the Bureau of Workers' Disability Compensation found that Ford had improperly coordinated and reduced Gonzalez's benefits, and ordered Ford to pay a $1,500 penalty. On May 27, 1987, the WCAB, citing 1987 PA 28, found that Ford could not coordinate Gonzalez's benefits, prompting Ford to apply for leave to appeal in this Court.

In September, 1987, this Court granted leave to

appeal in both cases, consolidating them for accelerated consideration.[1]

ISSUES

First, GMC and Ford argue that subsections 17 through 20 of § 354 violate the due process, US Const, Am XIV; Const 1963, art 1, § 17, and impairment of contract, US Const, art I, § 10; Const 1963, art 1, § 10, clauses of the United States and Michigan Constitutions by retroactively imposing an additional obligation upon employers, i.e., "by retroactively imposing additional liability upon employers for past compensation periods." We disagree with this argument because the challenged retroactive legislation is justified by a rational legislative purpose, *Usery v Turner Elkhorn Mining Co,* 428 US 1, 15; 96 S Ct 2882; 49 L Ed 2d 752 (1976); *Pension Benefit Guaranty Corp v R A Gray & Co,* 476 US 717, 730; 104 S Ct 2709; 81 L Ed 2d 601 (1984). Most important to our conclusion is that the retroactivity of the legislation does not abrogate a vested or contractual right of the employers in the consolidated cases before us. Indeed, we find that the employers enjoy no extrastatutory, vested or contractual right in these cases which could prohibit the Legislature from making a retroactively applicable change, at any time, in the remedies afforded employees under the statutory provision now at issue.

The Workers' Disability Compensation Act is remedial in nature and was enacted primarily to

---

[1] Subsequent to the date these consolidated cases were submitted to this Court for decision and oral argument was conducted, counsel for the parties unilaterally filed supplemental briefs, including a letter and exhibit by counsel for defendants, a reply by counsel for plaintiffs, and a response to plaintiffs' reply by counsel for defendants. These documents were improperly filed, MCR 7.212(F), and shall not be considered by this Court in rendering its decision, MCR 7.212(H).

benefit the employees, not the employers, subject to its provisions. *Norwin v Ford Motor Co,* 132 Mich App 790, 795; 348 NW2d 703 (1984), lv den 424 Mich 871 (1986); *Lahti v Fosterling,* 357 Mich 578, 589; 99 NW2d 490 (1959). Moreover, the social and legal context in which subsections 17 through 20 of § 354 were enacted makes it clear to us that the Legislature was prompted to act by the desire to remedy a situation in which certain employees were receiving coordinated workers' compensation benefits pursuant to § 354 but with the disadvantage of also receiving pre-1980 rates. Indeed, subsection 17 itself describes the amendatory subprovisions as "remedial and curative." We cannot quarrel with this description.

Moreover, in the *Franks* opinion itself, the Supreme Court stated that "[w]orkers' compensation benefits are social-welfare income-maintenance benefits" and declared, citing *Lahti, supra,* pp 591-592, and *Shavers v Attorney General,* 402 Mich 554, 620; 267 NW2d 72 (1978), that "[i]ncome-maintenance benefits payable under a legislatively mandated social welfare program are not property protected by the Due Process Clause, the Contract Clause, or the Takings Clause from substantive change by subsequent legislation. . . ." 422 Mich 654. See also *Rookledge v Garwood,* 340 Mich 444, 452-457; 65 NW2d 785 (1954); *Crilly v Ballou,* 353 Mich 303, 307-308; 91 NW2d 493 (1958); *Lahti, supra; McAvoy v H B Sherman Co,* 401 Mich 419, 456-460; 258 NW2d 414 (1977); *Karl v Bryant Air Conditioning Co,* 416 Mich 558, 575; 331 NW2d 456 (1982); *Selk v Detroit Plastic Products,* 419 Mich 1, 12-15; 345 NW2d 184 (1984); *Freij v St Peters Evangelical Lutheran Church,* 72 Mich App 456; 250 NW2d 78 (1976), lv den 399 Mich 862 (1977); Hochman, *The supreme court and the constitutionality of retroactive legislation,* 73 Harv L R 692,

704-706 (1960); Note, *Rediscovering the contract clause,* 97 Harv L R 1414, 1427 (1984). The right of the employers in these consolidated cases to coordinate the workers' compensation benefits of employees whose benefits were paid as a result of their employers' liability for personal injuries sustained prior to March 31, 1982, is derived from § 354, and thus is a statutory right. The Supreme Court has clarified that "a statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it." *Lahti, supra,* p 589. Since the legislation challenged by the employers in the instant cases is remedial in nature, and since the employers' right to coordinate the workers' compensation benefits of the employees at bar is not a vested right, it follows with syllogistic certainty that § 354(17)-(20) may operate retrospectively: "A remedial or procedural statute may operate retrospectively if it does not 'take away vested rights.'" *Karl, supra,* p 575. See DeMars, *Retrospectivity and retroactivity of civil legislation reconsidered,* 10 Ohio North L R 253, 261-264 (1983). The right to coordinate workers' compensation benefits relied upon by GMC and Ford was conferred by the Legislature and was revoked by the Legislature. What the Legislature gave, it could take away. *Rookledge, supra,* p 457; *Lahti, supra,* pp 588-589; *Franks, supra,* p 654.

Second, GMC and Ford argue that subsections 17 through 20 of § 354 violate the separation of powers, Const 1963, art 3, § 2, and the one court of justice, Const 1963, art 6, § 1, clauses of the Michigan Constitution. The employers reason that, after the Supreme Court, in *Franks, supra,* declared what the law is under § 354 regarding an employer's ability to coordinate the workers' compensation benefits of employees such as those in the present cases, the Legislature, by passing subsec-

tions 17 through 20 of § 354, in an attempt to change retroactively what the Court had declared, usurped a judicial function. In their brief on appeal, the employers in these cases place great emphasis on the assertion that it is "unprecedented in the law" for a Legislature to reverse and overrule a court decision by passing a statute with retroactive applicability.

We find the employers' suggestion regarding the unprecedented nature of the challenged legislation to represent an indulgence in hyperbole. Such legislation may be included in that type of statutory enactment denominated as "curative." Curative legislation has been defined as legislation enacted to cure defects in prior law. 2 Sands, Sutherland Statutory Construction (4th ed), § 41.11, p 410. See Note, *Congressional reversal of supreme court decisions: 1945-1957,* 71 Harv L R 1324 (1958); Hochman, *The supreme court and the constitutionality of retroactive legislation,* 73 Harv L R 692 (1960). As an example, we will cite a recent occurrence of such legislation in the federal forum. In 1981, the United States Supreme Court held that the term "wages" must be interpreted consistently for purposes of both income-tax withholding and the Federal Insurance Contributions Act (FICA). *Rowan Companies, Inc v United States,* 452 US 247; 101 S Ct 2288; 68 L Ed 2d 814 (1981). In 1983, Congress partially codified and partially overruled the Supreme Court's holding in *Rowan* by amending the Social Security Act to, among other things, permit the Treasury Department to interpret the term "wages" differently for income-tax withholding and FICA purposes. Social Security Amendments of 1983, Pub L No 98-21, 97 Stat 65, codified at 26 USC 3121(a). In 1984, Congress passed a provision making the 1983 change retroactively applicable to instances predating the 1983

amendment. Deficit Reduction Act of 1984, Pub L No 98-369, 98 Stat 494, 1160. In the wake of the statutory amendments, courts have recognized that Congress acted in reaction to the Supreme Court's decision in *Rowan,* and in fact intended to overturn the underlying premise in that decision that the term "wages" must be interpreted consistently for purposes of both income-tax withholding and the FICA. See *Temple University v United States,* 769 F2d 126 (CA 3, 1985), cert den — US —; 106 S Ct 2914; 91 L Ed 2d 544 (1986); *Canisius College v United States,* 799 F2d 18 (CA 2, 1986), cert den — US —; 107 S Ct 1887; 95 L Ed 2d 495 (1987); *McCoy v Comm'r of Internal Revenue,* 809 F2d 333 (CA 6, 1987), app pending; *John Carroll University v United States,* 643 F Supp 675 (ND Ohio, 1986).[2]

We find the employers' argument on this issue to be meritless. The Legislature, in passing subsections 17 through 20 of § 354, did not attempt to direct the courts in the exercise of judicial power or to infringe on that power in any way; rather, it merely sought to cure a defect in ⋅ a prior law erroneously interpreted by the Supreme Court. As noted in plaintiffs' briefs on appeal, the Legislature's amendatory language simply makes "explicit [the] . . . retrospective legislative purpose which the Supreme Court found in [*Franks*] to be wanting in the 1981 version of Section 354." Under such a circumstance, we detect no violation of the separation of powers or the one court of justice clause of the Michigan Constitution.

---

[2] For other cases in which courts have recognized a Legislature's right to cure retroactively a court's erroneous interpretation of a statute, see, e.g., *Battaglia v General Motors Corp,* 169 F2d 254 (CA 2, 1948), cert den 335 US 887; 69 S Ct 236; 93 L Ed 425 (1948); *Fisch v General Motors Corp,* 169 F2d 267 (CA 6, 1948), cert den 335 US 902; 69 S Ct 405; 93 L Ed 436 (1949); *Long v United States Internal Revenue Service,* 742 F2d 1173 (CA 9, 1984); *Bd of Ed of East Windsor Regional School Dist v Diamond,* 808 F2d 987 (CA 3, 1986).

Since we uphold the validity of § 354(17)-(20) despite the constitutional challenges raised by the employers in these consolidated cases, we affirm the WCAB's decision in the appeal of Arturo Gonzalez and reverse the decision in the appeal of Evert Romein. However, in light of the confusion in the law regarding the issues presented in these cases, and the fact that a substantial question of statutory consruction was involved, we find that penalty benefits should not be assessed against the employers. MCL 418.801(2); MSA 17.237(801)(2).

The decision in Romein is reversed and the decision in Gonzalez is affirmed as modified.