**James KOURI, Plaintiff,**

**v.**

**The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, a foreign insurance corporation, Defendant.**

Civ. A. No. 88–CV–74012–DT.

United States District Court,
E.D. Michigan, S.D.

June 27, 1989.

Jeanne M. Unger, Traverse City, Mich., for plaintiff.

Charles A. Huckabay, Detroit, Mich., for defendant.

## OPINION

DUGGAN, District Judge.

This matter is presently before the Court on cross-motions for summary judgment. The facts of this case, as set forth in the Court's Opinion denying plaintiff's motion to remand, issued January 27, 1989, are as follows:

Plaintiff brought this action in Wayne County Circuit Court, seeking the full amount of plaintiff's long-term disability benefits, without reduction for Social Security benefits, under a long-term disability policy issued by defendant, The Equitable Life Assurance Society of the United States. Defendant removed the action to this Court under 28 U.S.C. § 1441 and 28 U.S.C. § 1332, based on diversity of citizenship between the parties.

Plaintiff became totally disabled in January, 1982, and began to receive monthly long-term disability benefits under the policy issued by defendant. From the beginning, defendant has reduced the amount of monthly benefits paid to plaintiff by the amount of social security disability benefits received by the plaintiff, according to the provisions of the policy. Plaintiff contends that defendant's reduction of plaintiff's disability benefits by the amount of plaintiff's social security benefits is invalid, because at the time the policy in question became effective (November 1, 1981), § 3440 of the Michigan Insurance Code (M.C.L.A. § 500.3440), applicable to all group disability policies delivered or issued for delivery to a person in Michigan, allegedly did not permit "set-offs" or deductions for the amount of an insured's or an insured's dependents' social security benefits. Plaintiff also alleges that defendant neglected to file the insurance policy with the Commissioner of Insurance or to receive the Commissioner's approval before issuing the policy, as required by § 2242 of the Michigan Insurance Code (M.C.L.A. § 500.2242). Plaintiff relies on *Bill v. Northwestern National Life Insurance Co.*, 143 Mich.App. 766, 373 N.W.2d 214 (1985) *lv. denied*, 425 Mich. 877, 389 N.W.2d 863 (1986), *reh. denied*, 425 Mich. 878 (1986), in which the Michigan Court of Appeals held that M.C.L.A. § 500.3440 prohibited the defendant insurer from offsetting social security benefits from its disability insurance coverage for the plaintiff, and that group disability insurance policies are not exempt from the filing or approval requirements contained in M.C.L.A. § 500.2242. *Bill*, 143 Mich. App. at 773, 373 N.W.2d 214. Plaintiff and defendant have both moved for summary judgment. The Court does not believe that oral argument would aid the resolution of this motion, and therefore has dispensed with oral argument under Local Rule 17(*l*)(2).

Plaintiff argues that, because his insurance policy was not filed with or approved by the Commissioner of Insurance, and because its provisions are less favorable to the plaintiff than the statute, the language of § 3440 (regarding "set-offs" or deductions), as interpreted by the *Bill* court, became part of the policy. Thus, plaintiff contends, under the holding in *Bill*, plaintiff had a contractual right to the full amount of his disability benefits, without any deduction for social security benefits. Further, plaintiff maintains, the state legislature may not "overrule" *Bill* by subsequent legislation, because construction of state statutes is a judicial function. Plaintiff also maintains that the 1987 legislature is not competent to state the intent of the 1956 legislature which drafted the provisions of the Michigan Insurance Code at issue. Finally, plaintiff contends that giving 1987 P.A. 52 retroactive effect would unconstitutionally impair plaintiff's vested rights, in violation of the contracts clause of the Michigan Constitution.

I. *Plaintiff's Rights Under the Michigan Insurance Code*

Plaintiff argues that he is entitled to summary judgment because, under the Michigan Insurance Code, as interpreted by the *Bill* court, defendant was prohibited from deducting plaintiff's disability benefits by the amount of plaintiff's social security benefits, despite the policy provision requiring the deduction.

In *Bill*, the Michigan Court of Appeals held that M.C.L.A. § 500.2242, which mandated the filing of group disability policies with the commissioner, took precedence over M.C.L.A. § 500.2236, which allowed the commissioner to exempt group accident and health insurance from the filing requirement. *Bill* at 771, 373 N.W.2d 214. The *Bill* court held that the commissioner had no power to exempt group disability policies (such as the one in the present

case) from the filing and approval requirement. Accordingly, the Court held that the provision in the plaintiff's policy, allowing the insurer to deduct the amount of the plaintiff's social security disability payments from plaintiff's insurance benefits must be construed as provided in M.C.L.A. § 500.3440, regardless of the actual language of the policy.[1]

At the time of the *Bill* court's decision, § 3440 provided that, if an insured had "other valid coverage" for the same loss, of which the insurer was not given written notice, then the insurer could deduct the amount of the other coverage from the benefits owed under the policy. Section 3440 further stated that, for the purposes of applying the "other coverage" deduction, benefits provided under a compulsory benefit statute (such as workers' compensation) whether provided by a governmental agency or otherwise, were deemed to be "other valid coverage" of which the insurer had notice.

The court of appeals held that, because social security disability benefits were provided pursuant to a compulsory benefit statute, they were deemed to be " 'other valid coverage' of which the insurer had notice." In consequence, § 3440 prohibited the insurer from deducting social security benefits from the claimant's insurance benefits.

Plaintiff asserts that the holding in *Bill* requires the entry of summary judgment in his favor.

Defendant, on the other hand, seeks summary judgment on the basis of 1987 P.A. No. 52 (the "Act"), enacted by the state legislature to "cure and clarify any misinterpretation" of sections 3340 and 2242, and "to rectify the misconstruction of the insurance code of 1956" by the court of appeals in *Bill.*

The Act amended M.C.L.A. § 500.2242 to state:

> Sec. 2242. (1) *Except as otherwise provided in section 2236(6)(d),* no group dis-

ability policy may be issued or delivered in this state unless a copy of the form has been filed with the commissioner and approved by him or her.

M.C.L.A. § 500.2242 (Additions to the text of the statute are underlined.)

The Act also amended § 3440 to state: For the purpose of applying the foregoing policy provision with respect to any insured, any amount of benefit provided for such insured pursuant to any compulsory benefit statute, including any worker's compensation or employer's liability statute, whether provided by a governmental agency or otherwise shall in all cases be deemed to be "other valid coverage" of which the insurer has had notice, *unless the policy contains provisions for the reduction of benefits otherwise payable under the policy by the amount of income from other sources that the insured or the insured's dependents are qualified to receive due to the insured's age or disability from worker's compensation or federal social security, if at the time the policy was issued, the premium had been appropriately reduced to reflect such anticipated reduction in benefits.* In applying the foregoing policy provision no third party liability coverage shall be included as "other valid coverage".

M.C.L.A. § 500.3440 (Additions to the text of the statute are underlined.)

The Act stated that the amendments applied retroactively, to all insurance policies issued on or after January 1, 1957, that were either approved by the commissioner or exempt from filing.

Defendant contends that the Act's provisions entitle defendant to summary judgment on plaintiff's claims.[2]

The Court finds that the effect of the Act is to "overrule" the Court of Appeals' decision in *Bill,* and to allow defendant to deduct plaintiff's social security benefits from his insurance benefits, as provided by

---

**1.** In *Bill,* as in the present case, the policy provided that benefits received under the policy would be offset by social security benefits received by the claimant.

**2.** Plaintiff does not assert that his premiums were not appropriately reduced to reflect the anticipated reduction in benefits.

the insurance policy. Unless plaintiff can show that the application of the Act is unconstitutional or otherwise prohibited, defendant is entitled to summary judgment.

## II. *Separation of Powers*

Initially, plaintiff argues that the Michigan legislature lacked the power to declare that *Bill* was decided incorrectly, because the construction of statutes is a judicial function. Plaintiff notes that the separation of powers clause of the Michigan Constitution (1963 Mich. Const. Art. III, Sec. 2) forbids the exercise of judicial powers by the legislature.[3] *Gray v. Clerk of Com. Pleas Court*, 366 Mich. 588, 594–95, 115 N.W.2d 411 (1962).

This issue was recently addressed by the Michigan Court of Appeals in *Romein v. General Motors Corp.*, 168 Mich.App. 444, 425 N.W.2d 174 (1988). *Romein* involved 1981 P.A. 203, which amended the Worker's Disability Compensation Act (specifically, M.C.L.A. 418.354) to reduce employers' liability for workers' compensation benefits by the amount of certain other benefits, such as social security benefits, pension benefits, and disability insurance benefits, effective March 31, 1982. Previously, the state legislature had passed 1980 P.A. 357, which provided for an increase in weekly compensation from two thirds of an employee's average weekly wages to eighty percent of an employee's after-tax average weekly wages.

After 1981 P.A. 203 became effective on March 31, 1982, employers began to coordinate retired or disabled employees' workers' compensation benefits, including employees who were injured before March 31, 1982. Consequently, employees injured before that date were being subjected to a reduction of benefits, by coordination, even though they did not receive the increased maximum benefit rates under 1980 P.A. 357.

On review of the issue, in *Franks v. White Pine Copper Division*, 422 Mich. 636, 375 N.W.2d 715 (1985), the Michigan Supreme Court held that the state legislature intended that the benefits of all disabled employees be coordinated after March 31, 1982, even if some of those employees were injured before that date. *Franks* at 664. In response to *Franks*, the state legislature enacted 1987 P.A. 28, effective May 14, 1987, the relevant part of which states:

(17) The decision of the Michigan Supreme Court in *Franks v. White Pine Copper Division*, 422 Mich. 636 [375 N.W.2d 715] (1985), is declared to have been erroneously rendered insofar as it interprets this section, it having been and being the legislative intention not to coordinate payments under this section resulting from liability pursuant to section 351, 361, or 835 for personal injuries occurring before March 31, 1982. It is the purpose of this amendatory act to so affirm. This remedial and curative amendment shall be liberally construed to effectuate this purpose.

(18) This section applies to payments resulting from liability pursuant to section 351, 361 or 835 for personal injuries occurring on or after March 31, 1982. Any payments made to an employee resulting from liability pursuant to section 351, 361, or 835 for a personal injury occurring before March 31, 1982 that have not been coordinated under this section as of the effective date of this subsection shall not be coordinated, shall not be considered to have created an overpayment of compensation benefits, and shall not be subject to reimbursement to the employer or carrier.

1987 P.A. 28.

In *Romein*, the Michigan Court of Appeals considered the constitutionality of 1987 P.A. 28. The Court upheld the legislation, rejecting the defendant-employers' argument that it violated the separation of powers clause of the Michigan Constitu-

---

**3.** Art. III, Section 2 of the Michigan Constitution states:

The powers of government are divided into three branches; legislative, executive, and ju-

dicial. No person exercising the powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution.

tion. Noting that 1987 P.A. 28 constituted "curative" legislation (that is, legislation designed to cure defects in prior law), the court of appeals stated that:

We find the employers' argument on this issue to be meritless. The Legislature, in passing subsections 17 through 20 of § 354, did not attempt to direct the courts in the exercise of judicial power or to infringe on that power in any way; rather, it merely sought to cure a defect in a prior law erroneously interpreted by the Supreme Court. As noted in plaintiffs' briefs on appeal, the Legislature's amendatory language simply makes "explicit [the] ... retrospective legislative purpose which the Supreme Court found in [*Franks*] to be wanting in the 1981 version of Section 354." Under such a circumstance, we detect no violation of the separation of powers or the one court of justice clause of the Michigan Constitution.

*Romein*, 168 Mich.App. at 457, 425 N.W.2d 174.

The court of appeals also noted that courts have consistently recognized a legislature's right to cure retroactively a court's erroneous interpretation of a statute. *See Romein* at 457 and n. 2, 425 N.W.2d 174 and cases cited therein.

■ Accordingly, the Court rejects plaintiff's argument that the Act violates the separation of powers provision of the state Constitution. The state legislature explicitly stated that the Act, like 1987 P.A. 28 (discussed in *Romein*) was designed to be curative:

This amendatory act shall serve to cure and clarify any misinterpretation of the operation of such sections since the effective date of their original enactment. It is the intent of this amendatory act to rectify the misconstruction of the insurance code of 1956 by the court of appeals in *Bill v. Northwestern National Life Insurance Company*, 143 Mich.App. 766

[373 N.W.2d 214] with respect to the power of the insurance commissioner to exempt certain insurance documents from filing requirements and the offsetting of social security benefits against disability income insurance benefits. 1987 P.A. 52.

■ Similarly, the Court rejects plaintiff's argument that the 1987 state legislature was not competent to express the intent of legislation enacted in 1956.[4] The *Romein* court found the 1987 legislature perfectly able to express the intent of the 1981 legislature that amended the Worker's Disability Compensation Act.

*Frey v. Michie*, 68 Mich. 323 (1988), cited by plaintiff, is not relevant to this issue. *Frey* involved a "legislative opinion on the practice under the existing law, which it [the legislature] did not attempt to change." *Frey* at 327. In contrast, the present case involves a legislative amendment to the Michigan Insurance Code, designed to restore the law existing prior to a decision by the Michigan Court of Appeals.

The Court finds that the 1987 legislature is as competent to state the intention of the 1956 legislature as is a court sitting in 1989. Consequently, plaintiff's Motion for Summary Judgment cannot be granted on this basis.

### III. *The Contracts Clause*

Next, plaintiff argues that the state legislature's attempt to apply 1987 P.A. 52 retroactively to his policy is an impairment of plaintiff's contract, in violation of the Michigan Constitution, Article I, section 10. That section states:

No bill of attainder, ex post facto law or law impairing the obligation of contract shall shall be enacted. Mich. Const. Art. I, Sec. 10.

Plaintiff argues that his right to unreduced disability benefits was a vested contract right, which could not be impaired by legislative action. Plaintiff cites several

---

**4.** Plaintiff also contends that, if the *Bill* court misinterpreted the insurance code, and the statute had always had the meaning which the legislature gave it in 1987 P.A. 52, the legislature would not have needed to amend the code. The Court finds no inconsistency in the legislature's amendment of the code. Before 1987 P.A. 52, the code was ambiguous, and open to the interpretation which the *Bill* court erroneously gave it. The Act was necessary to clarify the meaning of the statute and eliminate the possibility of alternate interpretations.

cases indicating that retroactive legislation that impairs vested contract rights is unconstitutional. *See, e.g., Rowland v. DAIIE*, 388 Mich. 476, 479–80, 201 N.W.2d 792 (1972); *Campbell v. Judge's Retirement Bd.*, 378 Mich. 169, 180, 143 N.W.2d 755 (1966).

■ The Court finds that plaintiff's "right" to unreduced disability benefits cannot be a vested contract right. Plaintiff's insurance policy provided that plaintiff's disability benefits would be reduced by the amount of plaintiff's social security benefits. Presumably, the premiums charged by defendant were based on the assumption that any benefits paid to plaintiff would be reduced in this manner.

Plaintiff's "right" to unreduced disability benefits arose, if at all, under the *Bill* decision, in which the Michigan Court of Appeals misinterpreted the Michigan Insurance Code, and held that the offset of disability benefits was prohibited, by statute.

The Court holds that plaintiff's "right" to unreduced disability benefits did not constitute a vested *contract* right but, at most, constituted a *statutory* "right."

The Michigan Court of Appeals, in *Romein*, explained that a remedial statute (such as the one at issue) may operate retroactively if it does not impair vested rights:

> The right of the employers in these consolidated cases to coordinate the workers' compensation benefits of employees whose benefits were paid as a result of their employers' liability for personal injuries sustained prior to March 31, 1982, is derived from § 354, and thus is a statutory right. The Supreme Court has clarified that "a statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it." *Lahti [v. Fosterling], supra*, [357 Mich. 578, at] p. 589 [99 N.W.2d 490 (1959)]. Since the legislation challenged by the employers in the instant cases is remedial in nature, and since the employers' right to coordinate the workers' com-

pensation benefits of the employees at bar is not a vested right, it follows with syllogistic certainty that § 354(17)–(20) may operate retrospectively: "A remedial or procedural statute may operate retrospectively if it does not 'take away vested rights.'" *Karl [v. Bryant Air Conditioning Co.], supra*, [416 Mich. 558, at] p. 575 [331 N.W.2d 456 (1983)]. *See DeMars, Retrospectivity and retroactivity of civil legislation reconsidered*, 10 Ohio North L Rev 253, 261–264 (1983). The right to coordinate workers' compensation benefits relied upon by GMC and Ford was conferred by the Legislature and was revoked by the Legislature. What the Legislature gave, it could take away. *Rookledge [v. Garwood], supra*, [340 Mich. 444, at] p. 457 [65 N.W.2d 785 (1954)]; *Lahti, supra*, [357 Mich. at] pp. 588–589 [99 N.W.2d 490]; *Franks, supra*, [422 Mich. at] p. 654 [375 N.W.2d 715].

*Romein*, 168 Mich.App. at 455, 425 N.W.2d 174.

In light of the foregoing, the Court holds that the retroactive application of 1987 P.A. 52 to the present case does not violate the contracts clause of the Michigan Constitution.[5] Plaintiff's disability benefits, payable under the policy with defendant may be reduced by the amount of plaintiff's social security benefits.

Therefore, plaintiff's motion for summary judgment must be denied. Summary judgment for defendant is appropriate under Fed.R.Civ.P. 56(c), because no genuine issues of material fact exist, and defendant is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146, 1148 (6th Cir.1985).

An Order reflecting the above will be issued.

**5.** Accordingly, the Court finds it unnecessary to consider defendant's alternate argument, that M.C.L.A. § 500.3610 had been amended, prior to *Bill*, to provide that M.C.L.A. § 500.3440 (requiring policies to be filed with or approved by the commissioner) was not applicable to group disability policies, and that this amendment had retroactive effect.