PRIEST v CANADA LIFE ASSURANCE COMPANY

Docket No. 107797. Submitted June 6, 1989, at Lansing. Decided
August 22, 1989. Leave to appeal applied for.

Myron and Elizabeth Priest brought an action in the Oakland
Circuit Court against Canada Life Assurance Company, plain-
tiff Myron Priest's disability insurer under a policy that took
effect June 1, 1981. Plaintiffs alleged, inter alia, that defendant
breached its contract when it reduced benefits paid to plaintiff
Myron Priest by an amount equal to social security disability
benefits received by Myron Priest and his dependents. The
reduction in benefits was made pursuant to a reductions clause
in defendant's policy. On motions for summary disposition
brought by the parties, the trial court, Gene Schnelz, J.,
granted defendant's motion and denied plaintiffs' motion. Plain-
tiffs appealed.

The Court of Appeals *held:*

1. 1987 PA 52, which amended the Insurance Code so as to
allow the offsetting of social security benefits against disability
income insurance benefits, was enacted by the Legislature and
given retroactive effect in response to *Bill v Northwestern Nat'l
Life Ins Co,* 143 Mich App 766 (1985), a decision wherein the
Court of Appeals held to the contrary.

2. 1987 PA 52 impaired no protectible vested right enjoyed by
plaintiffs.

Affirmed.

1. STATUTES — AMENDATORY STATUTES — VESTED RIGHTS.

Retrospective statutes curing defects in acts done, or authorizing
or confirming the exercise of powers, are valid where the
Legislature originally had authority to confer the power or
authorize the acts, except where they attempt to impair vested
rights.

2. STATUTES — CONSTRUCTION OF AMENDMENT.

An amendatory act has a repealing force, by the mechanics of

REFERENCES
Am Jur 2d, Insurance § 1464; Statutes §§ 343, 385-391.
See the Index to Annotations under Disabled Persons; Insurance
and Insurance Companies; Social Security; Statutes.

legislation, different from that of an independent statute, repugnancy not being an essential element of implied repeal of specifically amended sections, since the original ceases to exist and the section as amended supersedes the original and becomes a part of the statute for all intents and purposes as if the amendment had always been there and the portions carried over have their force from the new act and not the former.

3. STATUTES — AMENDMENT OF STATUTES — SAVING CLAUSES.

The effect of an act amending a specific section of a former act, in the absence of a saving clause, is to strike the former section from the law, obliterate it entirely and substitute the new section in its place.

4. INSURANCE — DISABILITY INSURANCE — SETOFFS — SOCIAL SECURITY BENEFITS — STATUTES.

1987 PA 52, which in part amended MCL 500.3400; MSA 24.13440 in response to the Court of Appeals decision in *Bill v Northwestern Nat'l Life Ins Co*, 143 Mich App 766 (1985), so as to allow the offsetting of social security benefits against disability income insurance benefits, applies to disability insurance policies issued on or after January 1, 1957, and approved by the Insurance Commissioner on or after January 1, 1957, and to those policies exempt from filing requirements on or after September 1, 1968, by order of the commissioner (1987 PA 52).

*Jeanne M. Unger,* for plaintiffs.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Robert W. Powell*), for defendant.

Before: DANHOF, C.J., and HOOD and MARILYN KELLY, JJ.

PER CURIAM. Plaintiffs appeal as of right from an Oakland Circuit Court opinion and order which granted defendant's motion for summary disposition. We affirm.

Plaintiff Myron Priest received a disability insurance policy issued by defendant as a fringe benefit of his employment. The policy took effect on June 1, 1981. Under the policy, Myron Priest was to receive sixty percent of his monthly salary

if he became disabled. The policy contained a reductions clause which provided, in relevant part:

> If a person becomes disabled in accordance with the terms of this policy, the amount of insurance payments under this policy with respect to such disability will be reduced by the amount of any periodic payments the person is entitled to apply for and receive with respect to the disability under any one or more of:
>
> \*   \*   \*
>
> 3. The Social Security Act, including dependents benefits by reason of such disability.
>
> The policy also stated:
>
> Any provision of this policy which, on its effective date, is in conflict with the statutes of the State in which this policy was delivered or issued for delivery is hereby amended to conform to the minimum requirements of such statute.

Myron Priest became disabled. He received benefits from defendant. Defendant claimed that it was entitled to reduce Myron Priest's benefits under the policy by the amount of social security benefits that he and his dependents received.

Plaintiffs filed suit against defendant alleging breach of contract, negligent misrepresentation (fraud), intentional infliction of emotional distress, bad faith and breach of a covenant of good faith and fair dealing. Plaintiffs and defendant both moved for summary disposition. The lower court found that the key issue before it was the validity of the policy's reductions clause. The court recognized that at the time of the effective date of the policy MCL 500.3440; MSA 24.13440 had been interpreted to not permit setoffs or reductions for social security benefits to which an insured was entitled. See *Bill v Northwestern National Life Ins Co,* 143 Mich App 766, 773; 373 NW2d 214 (1985),

lv den 425 Mich 877 (1986). The court further recognized that 1987 PA 52 amended MCL 500.3440; MSA 24.13440 to allow such reductions. The act stated:

> Section 2. The amendments to sections 2236, 2242, 3440, 3606, 3610, and 4430 of Act No. 218 of the Public Acts of 1956, being sections 500.2236, 500.2242, 500.3440, 500.3606, 500.3610, and 500.4430 of the Michigan Compiled Laws, pursuant to this amendatory act apply to all insurance policies issued on or after January 1, 1957 that were either approved by the commissioner on or after January 1, 1957 or subject to an order of the commissioner exempting policies from filing on or after September 1, 1968. The amendments to sections 2236, 2242, 3440, 3606, 3610, and 4430 of Act No. 218 of the Public Acts of 1956, being sections 500.2236, 500.2242, 500.3440, 500.3606, 500.3610, and 500.4430 of the Michigan Compiled Laws, pursuant to this amendatory act are intended to codify and approve long-standing administrative and commercial practice taken and approved by the commissioner pursuant to his or her legal authority. This amendatory act shall serve to cure and clarify any misinterpretation of the operation of such sections since the effective date of their original enactment. It is the intent of this amendatory act to rectify the misconstruction of the insurance code of 1956 by the court of appeals in *Bill v Northwestern National Life Insurance Company* 143 Mich App 766 with respect to the power of the insurance commissioner to exempt certain insurance documents from filing requirements and the offsetting of social security benefits against disability income insurance benefits. This amendatory act does not affect the relationship between disability insurance benefits and personal protection insurance benefits as provided in *Federal Kemper v Health Insurance Administration Inc.* 424 Mich 537.

The lower court found that 1987 PA 52 was to

be applied retroactively. Therefore, the policy's reductions clause was valid and allowed defendant to reduce Myron Priest's benefits under the policy by the amount of social security benefits which he and his dependents received. The court concluded that because there was no breach of contract, plaintiffs' tort allegations based on defendant's reduction of Myron Priest's contract benefits pursuant to the valid and enforceable reductions clause must fail. The court denied plaintiffs' motion for partial summary disposition and granted defendant's motion for summary disposition.

Plaintiffs' first claim is that Myron Priest has vested contractual rights in the policy which he may enforce as a third-party beneficiary. Plaintiffs essentially argue that the lower court erred when it found that the ultimate source of Myron Priest's claimed right to avoid the reductions clause was statutory, not contractual. We find no error. The insurance policy contains a reductions clause which states that Myron Priest's benefits will be reduced by the amount of social security benefits which he and his dependents receive. Plaintiffs' claim that the reductions clause is invalid and unenforceable is based on a prior version of MCL 500.3440; MSA 24.13440 as interpreted in *Bill.* The key issue is whether 1987 PA 52 operates retroactively to validate the reductions clause. We conclude that it does.

Retrospective statutes curing defects in acts done, or authorizing or confirming the exercise of powers, are valid where the Legislature originally had authority to confer the power or authorize the acts, except where it is attempted to impair vested rights. *Stott v Stott Realty Co,* 288 Mich 35, 45; 284 NW 635 (1939). We reject plaintiffs' contention that Myron Priest had a vested right to the invalidation of the policy's reductions clause based on

the Insurance Code as it existed when the policy became effective. The "right" which plaintiffs claim to have lost through the operation of 1987 PA 52 was merely the right to avoid the express terms of the contract. 1987 PA 52 did not impair a right which should be protected, but, rather, allowed the contract to be enforced according to its express terms. See *Guardian Depositors Corp v Brown,* 290 Mich 433, 443; 287 NW 798 (1939). Any expectation which plaintiffs might have had that the policy's reductions clause would not be enforced did not rise to the level of a vested right. See *Lahti v Fosterling,* 357 Mich 578, 588-589; 99 NW2d 490 (1959); *Rookledge v Garwood,* 340 Mich 444, 456-457; 65 NW2d 785 (1954); *Ludka v Dep't of Treasury,* 155 Mich App 250, 259-260; 399 NW2d 490 (1986). We also find no merit in plaintiffs' contention that the retroactive application of 1987 PA 52 would violate the constitutional provisions against the impairment of contracts, US Const, art I, § 10; Const 1963, art 1, § 10. See, generally, *Selk v Detroit Plastic Products,* 419 Mich 1, 11-14; 345 NW2d 184 (1984).

We note that provisions added by an amendment that affect substantive rights will not be construed to apply to transactions and events completed prior to its enactment unless the Legislature has expressed its intent to that effect or such intent is clearly implied by the language of the amendment or by the circumstances surrounding its enactment. *Hurd v Ford Motor Co,* 423 Mich 531, 535; 377 NW2d 300 (1985). Here, the Legislature clearly expressed its intent that 1987 PA 52 was to be applied retroactively.

Our Supreme Court described the operation of amendatory acts such as 1987 PA 52:

An amendatory act has a repealing force, by the

mechanics of legislation, different from that of an independent statute. Repugnancy is not the essential element of implied repeal of specifically amended sections. The rule is:

"Where a section of a statute is amended, the original ceases to exist, and the section as amended supersedes it and becomes a part of the statute for all intents and purposes as if the amendments had always been there." 25 RCL, Statutes, § 159, p 907. . . .

Nevertheless, the old section is deemed stricken from the law, and the provisions carried over have their force from the new act, not from the former. 1 Lewis' Sutherland Statutory Construction (2d ed), § 237.

It is plain from the authorities in this State and elsewhere that the effect of an act amending a specific section of a former act, in the absence of a saving clause, is to strike the former section from the law, obliterate it entirely and substitute the new section in its place. This effect is not an arbitrary rule adopted by the courts. It is the natural and logical effect of an amendment "to read as follows." It accomplishes precisely what the words import. Any other construction would do violence to the plain language of the legislature. [*Lahti, supra,* pp 587-588, quoting *People v Lowell,* 250 Mich 349, 354-356; 230 NW 202 (1930).]

See also *Kalamazoo City Ed Ass'n v Kalamazoo Public Schools,* 406 Mich 579, 601-602; 281 NW2d 454 (1979).

We decline to address the parties' remaining arguments concerning plaintiffs' breach of contract claim because they do not affect our disposition of this case.

Plaintiffs present two issues regarding their tort claims which are based on defendant's alleged breach of contract. We conclude that defendant did not breach the insurance contract. Therefore, as plaintiffs concede, their tort claims must fail.

Affirmed.