KRIMMEL v SEARS, ROEBUCK AND COMPANY

Docket No. 111393. Submitted July 11, 1989, at Detroit. Decided October 17, 1989. Leave to appeal applied for.

Albert L. Krimmel, Jr., became disabled as a result of an injury arising out of and in the course of his employment with Sears, Roebuck and Company. Krimmel also owned an interest in a corporation which operated a restaurant. Subsequent to his disability, Krimmel helped negotiate the sale of the restaurant and was given $10,000 as a "commission" for his efforts in effecting the sale. Sears sought to set off against its workers' disability compensation liability the $10,000 commission pursuant to the provision in the Workers' Disability Compensation Act which limits the total of the compensation payable plus the employee's wage earning capacity to no more than the employee's average weekly earnings at the time of the injury. Sears also sought to set off against its workers' disability compensation liability disability insurance benefits it had paid. The Workers' Compensation Appeal Board disallowed both setoffs. Sears appealed by leave granted.

The Court of Appeals held:

1. The receipt of the commission on the sale of a business in which the employee had an interest did not affect his wage earning capacity; accordingly the setoff provision was not triggered, since it is wage earning capacity, not income actually earned, which triggers the setoff provision.

2. The retroactive operation of the amendment of the provisions relating to the coordination of benefits is not violative of either the constitutional right to due process or the constitutional prohibition against impairment of contracts.

Affirmed.

1. Workers' Compensation — Setoff — Wage Earning Capacity.

An employer of an injured employee may not set off against its

References

Am Jur 2d, Workmen's Compensation §§ 34, 364, 366.

See the Index to Annotations under Counterclaim and Setoff; Reduction or Decrease; Retrospective Operation of Laws; Workmen's Compensation.

workers' disability compensation liability an amount received by the disabled worker as a commission arising out of the sale of a business in which the worker had an interest, because it is the wage earning capacity after the disability, not the actual income earned, that triggers the setoff provision (MCL 418.371[1]; MSA 17.237[371][1]).

2. WORKERS' COMPENSATION — COORDINATION OF BENEFITS — RETRO-ACTIVITY — CONSTITUTIONAL LAW.

Retroactive operation of subsections 17 through 20 of § 354 of the Workers' Disability Compensation Act does not violate the constitutional right to due process or the constitutional prohibition against impairment of contracts (US Const, art I, § 10, Am XIV; Const 1963, art 1, §§ 10, 17; 1987 PA 28, MCL 418.354[17]-[20]; MSA 17.237[354][17]-[20]).

*Plunkett & Cooney, P.C.* (by *Jonathan T. Kopit*), for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Dennis P. Partridge* and *Daniel S. Saylor*), for defendant.

Before: McDONALD, P.J., and GILLIS and T. M. BURNS,* JJ.

PER CURIAM. Defendant appeals by leave granted from an August 1, 1988, order of the Workers' Compensation Appeal Board disallowing a setoff for the $10,000 "commission" received by plaintiff and a setoff for employer-paid disability insurance benefits. We affirm.

Defendant first claims error in the WCAB's refusal to consider plaintiff's after-injury receipt of $10,000 for his role in effectuating the sale of a Coney Island franchise as income subjecting plaintiff's weekly disability compensation to setoff pursuant to MCL 418.371(1); MSA 17.237(371)(1). We disagree.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Defendant does not argue plaintiff's receipt of the $10,000 affected either the existence of plaintiff's disability or plaintiff's after-injury wage earning capacity. Instead, defendant claims subsection 371(1) mandates a recipient's weekly wage benefits be offset by *any* postinjury earned income. Defendant looks to the following language of subsection (1) of § 371 to support its position:

> The compensation payable, when added to the employee's wage earning capacity after the personal injury in the same or other employments, shall not exceed the employee's average weekly earnings at the time of injury.

However, this section addresses the limitation of weekly benefits based on the establishment of an after-injury *earning capacity,* not *any* receipt of after-injury wages or earned income.

Thus, as defendant does not contend the apparently one-time $10,000 compensation affected plaintiff's wage earning capacity, subsection (1) of § 371 provides no support for defendant's claim. Moreover, our search has revealed no authority authorizing the claimed setoff absent proof of a new wage earning capacity or subsequent employment. As our Supreme Court stated in *Leizerman v First Flight Freight Service,* 424 Mich 463, 473; 381 NW2d 386 (1985), "wage earning capacity, rather than actual wages earned, is the criterion by which entitlement to benefits is measured."

Absent authority supporting a setoff under the circumstances presented in the instant case, we decline to usurp the Legislature's role and make such authority. We also reject defendant's remaining claim, that retroactive application of the amendments to the Workers' Disability Compensa-

tion Act as set forth in 1987 PA 28, MCL 418.354(17)-(20); MSA 17.237(354)(17)-(20), violates the Michigan and United States Constitutions, adopting the reasoning set forth on these issues by another panel of this Court in *Romein v General Motors Corp,* 168 Mich App 444; 425 NW2d 174 (1988).

Affirmed.