CITY OF WILLIAMSTON v WHEATFIELD TOWNSHIP

Docket No. 77553. Submitted February 6, 1985, at Lansing.—Decided April 8, 1985.

By order of the State Boundary Commission in 1978, an area consisting of approximately one square mile of land was detached from Wheatfield Township and annexed to the City of Williamston. In 1983, residents of the annexed area filed a detachment petition with the Ingham County Board of Commissioners seeking detachment of a portion of the City of Williamston to the Township of Wheatfield. The Board of Commissioners authorized a detachment election. Following the election, the votes in Wheatfield Township and in the City of Williamston were tallied separately. The Ingham County Board of Canvassers found that a majority of all those voting had approved the detachment and certified the election. The City of Williamston and Stephen L. Hughes filed suit against Wheatfield Township, the Ingham County Board of Commissioners, the Ingham County Clerk, and the Ingham County Board of Canvassers in Ingham Circuit Court seeking to have the election voided on grounds that the provisions of the home rule cities act which govern detachment were not complied with or, if the provisions were complied with, those provisions do not effectuate the intent of the Legislature. The court, Thomas L. Brown, J., granted summary judgment to defendants, holding that any change in the detachment provisions of the home rule cities act would have to come from the Legislature, not the court. Plaintiffs appealed. *Held:*

1. Since there is no ambiguity in the detachment procedure provided for by the home rule cities act, the courts are precluded from construing or interpreting those provisions. They must be applied as written.

2. Plaintiffs' contention that the plain meaning of the statute does violence to the intent of the Legislature is without merit. They have shown no absurdity in application of the act and

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 145.
[2] 73 Am Jur 2d, Statutes §§ 204-208.

have advanced no policy or purpose that is thwarted by using the procedures provided in the act.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION — LEGISLATIVE INTENT.

It is the function of a reviewing court, in resolving disputed interpretations of statutory language, to effectuate the legislative intent; in ascertaining such intent, it must be presumed that the Legislature intended the meaning expressed by the language it has chosen and, if the language used is clear and the meaning of the words chosen is unambiguous, a common sense reading of the provision will suffice and no interpretation is necessary.

2. STATUTES — JUDICIAL CONSTRUCTION — LITERAL CONSTRUCTION — UNJUST RESULT.

A fundamental rule of statutory construction is that departure from the literal construction is justified where such a construction would produce an absurd and unjust result and would be clearly inconsistent with the purposes and policies of the act in question.

*Reck, Reck & Ashley, P.C.* (by *J. David Reck* and *Nancy R. Ashley*), for plaintiffs.

*Foster, Swift, Collins & Coey, P.C.* (by *William K. Fahey*), for Wheatfield Township.

*Cohl, Salstrom, Stoker & Aseltyne, P.C.* (by *Larry A. Salstrom*), for Ingham County Board of Commissioners, Ingham County Clerk, and Ingham County Board of Canvassers.

Before: DANHOF, C.J., and T. M. BURNS and BEASLEY, JJ.

PER CURIAM. Plaintiffs appeal from the circuit court's ruling that, pursuant to the home rule cities act,[1] approval of a detachment petition by a majority of those voting is sufficient for detachment. We conclude that the home rule cities act is

---

[1] MCL 117.1 *et seq.*; MSA 5.2071 *et seq.*

plain on its face and that construction of that act is unnecessary.

On December 23, 1978, by order of the State Boundary Commission, an area consisting of approximately one square mile of land was detached from Wheatfield Township and annexed to the City of Williamston. On July 13, 1983, residents of the annexed area filed a detachment petition with the Ingham County Board of Commissioners. On September 20, 1983, the Board of Commissioners authorized a detachment election. That election was held on November 8, 1983. Because there was some uncertainty regarding the proper way to count the votes, the votes in Wheatfield Township and in the City of Williamston were tallied separately.[2]

The Ingham County Board of Canvassers found that a majority of all those voting (468 of 750) had approved the detachment, and the board certified the election on November 10, 1983. On or about December 7, 1983, plaintiffs filed a complaint in the Ingham County Circuit Court seeking to void the election as being improvidently certified because the petitions therefor were an illegal attempt to circumvent the 100-person minimum population requirements for a referendum on boundary commission orders contained in § 9(5) of the home rule cities act or, in the alternative, to reverse the certification and declare the election failed because the vote count in the city was against detachment on the grounds that (1) no express direction on how to count the votes remains in § 9 of the act and proper rules of con-

---

[2] The parties argued that the vote in each area was as follows:

|  | For | Against |
|---|---|---|
| City of Williamston | 217 | 272 |
| Wheatfield Township | 250 | 10 |
| TOTAL ..................... | 468[sic] | 282 |

struction require the court to look to the next best law, *i.e.*, the boundary commission annexation referendum of § 9(5), which gives separate veto power to each unit of government, or (2) looking to the procedural language deleted in 1971 from § 9 and restoring it as having been deleted by oversight in the process of transferring annexation to the boundary commission. On March 21, 1984, the circuit court granted summary judgment to defendants, holding that any change in the detachment provisions of the home rule cities act would have to come from the Legislature, not the court. Plaintiffs appeal as of right.

In resolving disputed interpretations of statutory language, it is the function of the reviewing court to effectuate the legislative intent.[3] In ascertaining such intent, the Legislature must be presumed to have intended the meaning expressed by the language it has chosen.[4] If the language used is clear and the meaning of the words chosen is unambiguous, a common sense reading of the provision will suffice and no interpretation is necessary.[5] There is, however, an exception to this fundamental rule of statutory construction that arises when a literal reading of the statutory language would produce an absurd and obviously unjust result and would be clearly inconsistent with the purposes and policies of the act in question.[6]

MCL 117.6; MSA 5.2085 and MCL 117.7; MSA 5.2086 provide procedures for filing detachment

[3] *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983).

[4] *Owendale-Gagetown School Dist v State Bd of Ed,* 413 Mich 1, 8; 317 NW2d 529 (1982).

[5] *In re Certified Questions,* 416 Mich 558, 567; 331 NW2d 456 (1982); *Avon Twp v State Boundary Comm,* 96 Mich App 736, 752; 293 NW2d 691 (1980), *lv den* 410 Mich 853 (1980).

[6] *Salas v Clements,* 399 Mich 103, 109; 247 NW2d 889 (1976); *Metropolitan Council No 23, AFSCME v Oakland County Prosecutor,* 409 Mich 299, 320; 294 NW2d 578 (1980).

petitions. MCL 117.8; MSA 5.2087 provides that the question "shall be submitted to the qualified electors of the district to be affected". MCL 117.9(1); MSA 5.2088(1) provides that "[t]he district to be affected by every such proposed incorporation, consolidation, or change of boundaries shall be deemed to include the whole of each city, village, or township from which territory is to be taken or to which territory is to be annexed". MCL 117.9b; MSA 5.2088(2), added by 1982 PA 465, sets forth circumstances (in addition to those provided by the act) in which territory may be detached from a city. MCL 117.13; MSA 5.2092 provides that the territory shall be detached if the county board of canvassers certifies that a majority of the electors voting on the petition approved it.

There is no ambiguity in the detachment procedure provided for by the home rule cities act. Read literally, its provisions are clear. Plaintiffs argue, however, that a literal reading of the statute circumvents the intent of the Legislature, based on an assertion that the Legislature, in the 1970 PA 219 amendment to MCL 117.9; MSA 5.2088, inadvertently omitted detachment procedures provided for in the act prior to that amendment, and provided in the addition of MCL 117.9b; MSA 5.2088(2). Before the 1970 amendment, MCL 117.9 provided in part:

"Provided, however, That territory may be attached or detached to or from cities having a population of 15,000 or less if a majority of the electors voting on the question in the city to or from which territory is to be attached or detached, *and* a majority of the electors from that portion of the territory to be attached or detached, as the case may be, *both* vote in favor of such proposition." (Emphasis added.)

Plaintiffs argue that the Legislature inadvertently omitted to include similar provisions in MCL 117.9b; MSA 5.2088(2). However, because the language of the provisions now in effect is clear and unambiguous, we are precluded from construction or interpretation to vary that plain meaning.[7] We try to discern the intent of the Legislature only if an ambiguity exists.[8]

In any case, plaintiffs' contention that the plain meaning of the statute does violence to the intent of the Legislature lacks merit. We do not consider affidavits of individual legislators to be evidence of legislative intent in drafting legislation.[9] At most, plaintiffs' claim is that the Legislature inadvertently forgot to enact the provisions plaintiffs favor or that it should have enacted them. Plaintiffs have shown no absurdity in application of the act and have advanced no policy or purpose that is thwarted by using the procedures provided in the act rather than those urged by plaintiffs.

We do not feel that construction of this statute is appropriate. Its meaning is clear and enforcement of the statute as written does not create an absurd result or thwart the intent of the Legislature. We decline plaintiffs' invitation to interpret a statute plain on its face in a manner to give it a meaning not indicated by its words. Therefore, we affirm the trial court's grant of summary judgment.

Our resolution of this issue makes it unnecessary to consider the remaining issues raised.

Affirmed.

---

[7] *Cole v DAIIE,* 137 Mich App 603, 608; 357 NW2d 898 (1984).

[8] *Sneath v Popiolek,* 135 Mich App 17, 23; 352 NW2d 331 (1984).

[9] *Presque Isle Twp School Dist No 8 Bd of Ed v Presque Isle County Bd of Ed,* 364 Mich 605, 612; 111 NW2d 853 (1961).