## MORGAN v TAYLOR SCHOOL DISTRICT

Docket No. 118450. Submitted October 10, 1990, at Detroit. Decided January 9, 1991, at 9:05 A.M.

Virginia Morgan, a substitute teacher for the Taylor School District during the 1983-86 school years, brought an action in the Wayne Circuit Court, alleging that the school district failed to offer her a full-time teaching position in August 1986 in violation of § 1236 of the School Code, MCL 380.1236; MSA 15.41236, which provides that an individual who is employed as a substitute teacher for 120 days or more during a school year has a preferential right to be offered a full-time teaching position, if qualified, when one becomes available. The trial court, Thomas J. Brennan, J., granted summary disposition for the defendant on the basis of the statute as amended by 1986 PA 72, effective April 7, 1986, which provides that the preferential hiring rights under the statute extend only to the end of the school year during which the services were performed or the next succeeding school year. The plaintiff appealed.

The Court of Appeals *held:*

A school district must offer a substitute teacher who has worked for the district for 120 days or more during a school year full-time employment if a position for which the teacher is qualified arises before the end to the school year or the next succeeding school year before it may hire a person with no work experience with the district.

1. The plaintiff was not entitled to preferential hiring indefinitely on the basis of her service during 1983-85. Although during 1983-85 the School Code provided for preferential hiring of substitute teachers in the plaintiff's position without a time limitation with respect to eligibility, the 1986 amendment of the code limits eligibility to the balance of the school year during which substitute teaching services were performed or during the next succeeding school year. Because the plaintiff did not work as a substitute teacher for the requisite 120 days

REFERENCES

Am Jur 2d, Schools §§ 138, 152, 155; Statutes §§ 347-350.

See the Index to Annotations under Retrospective Laws; Teachers and Instructors.

during the 1985-86 school year, she did not qualify for full-time employment under the statute as amended.

2. The plaintiff had no vested right to preferential hiring prior to the amendment of the statute, only the potential of a future job offer. No full-time teaching positions became available until August of 1986, by which time the plaintiff's employment preference had been extinguished by the amendment.

3. The legislatively created statutory right to a full-time teaching position at issue was in the nature of a mere expectancy. Until it became vested, the Legislature was free not only to alter it, but to extinguish it completely. Under the statute, the plaintiff in August of 1986 was not entitled to preferential hiring on the basis of her 1983-85 service. In addition, because she had not worked 120 days of the 1985-86 school year, she was not entitled to preference. Therefore, her claim based on the 1985-86 school year was also properly denied.

4. The trial court did not err in considering the Senate analysis of the proposed amendment of the statute before finding that the amendment was intended to be applied retrospectively.

Affirmed.

1. SCHOOLS — SUBSTITUTE TEACHERS — PREFERENTIAL HIRING.

A school district must offer a substitute teacher who has worked for the district for 120 days or more during a school year full-time employment if a position for which the teacher is qualified arises before the end to the school year or the next succeeding school year before it may hire a person with no work experience with the district (1986 PA 72, MCL 380.1236; MSA 15.41236).

2. STATUTES — RETROSPECTIVE APPLICATION — VESTED RIGHTS.

Retrospective application of a law is improper only where the law takes away or impairs vested rights acquired under existing laws or attaches a new disability with respect to transactions or consideration already passed.

3. SCHOOLS — SUBSTITUTE TEACHERS — PREFERENTIAL HIRING —
VESTED RIGHTS.

Retrospective application of the amendment of the School Code which imposes time limits on the exercise by substitute teachers of the right of preferential hiring is proper where it does not impair vested rights acquired before the amendment; until vested, the right is a mere expectancy, and the Legislature is free not only to alter it, but to extinguish it completely (1986 PA 72, MCL 380.1236; MSA 15.41236).

4. STATUTES — AMENDMENTS — RETROSPECTIVE APPLICATION — LEGIS-
    LATIVE INTENT.
    A court may seek the legislative intent regarding the retrospec-
    tive application of a statutory amendment where the intent is
    clearly implied by the language of the amendment or by the
    circumstances surrounding its enactment.

*Mark H. Cousens,* for the plaintiff.

*Butzel, Long, Gust, Klein & Van Zile* (by *John P. Hancock, Jr.,* and *Robert A. Boonin*), for the defendant.

Before: MCDONALD, P.J., and HOOD and REILLY, JJ.

PER CURIAM. Plaintiff appeals from a June 2, 1989, opinion and order granting defendant school district's motion for summary disposition in this suit concerning the application of § 1236 of the School Code, MCL 380.1236; MSA 15.41236, which grants substitute teachers who work at least 120 days in a school year preferential hiring rights to full-time teaching positions. We affirm.

Before its amendment, § 1236(2) provided:

> A teacher employed as a substitute teacher for 120 days or more during a school year shall be given first opportunity to accept or reject a contract for which the person is certified, after all other teachers of the school district are reemployed in conformance with the terms of a master contract of an authorized bargaining unit and the employer.

1986 PA 72, effective April 7, 1986, amended subsection (2) and added subsection (3):

> (2) A teacher employed as a substitute teacher for 120 days or more during a legal school year of not less than 180 days, or employed as a substitute

teacher for 150 days or more by an intermediate school district that operates any program for 220 days or more as required by administrative rule, shall be given *during the balance of the school year or during the next succeeding legal school year only,* the first opportunity to accept or reject a contract for which the substitute teacher is certified, after all other teachers of the school district are reemployed in conformance with the terms of a master contract of an authorized bargaining unit and the employer.

(3) As used in this section, "day" means the working day of the regular, full-time teacher for whom the substitute teacher substitutes. A quarter-day, half-day, or other fractional day of substitute service shall be counted only as that fraction. However, a fraction of a day that is acknowledged by the school district and paid as a full day shall be counted as a full day for purposes of this section. [Emphasis added.]

These two versions of § 1236(2) are very similar. Both provide that an individual who is employed as a substitute teacher 120 days or more during a school year has a preferential right to be offered an employment contract as a full-time instructor in a position for which the individual was certified once all teachers of the school district are reemployed or recalled from layoff. In other words, a school district has a general obligation to offer regular employment to those who have been employed by the school district 120 days or more as substitute teachers before it can hire someone with no prior work experience with the school district.

The principal difference between the two versions of § 1236(2) is that the current version expressly provides that an individual's preferential hiring rights under the statute last only during the balance of the school year in which the substitute teaching services were performed or during

the next succeeding legal school year. It is this difference between the two versions of the statute that lies at the heart of the controversy in the instant case.

Plaintiff, a substitute teacher employed by the defendant school district, worked approximately 146½ days in the 1983-84 school year and 139½ days in the 1984-85 school year. Additionally, plaintiff worked 115 full days and 5 half days during the 1985-86 school year. In August 1986, defendant hired at least two full-time teachers who lacked preferential hiring rights for positions for which plaintiff was qualified and certified.

Plaintiff filed the instant suit, ultimately claiming entitlement under the statute to a full-time teaching position on the basis of the days worked in the 1983-85 school years and the 1985-86 school year. Pursuant to defendant's motions, both theories were dismissed.

At issue on appeal is whether the statute as originally drafted or as amended is determinative of plaintiff's rights to a teaching position with defendant school district. Plaintiff contends that the amendment should not be applied retrospectively to deprive her of rights allegedly earned before the amendment's effective date. Plaintiff argues that at the time she worked more than 120 days during the 1983-84 and the 1984-85 school years, the statute contained no time limit with regard to her eligibility for the next opening for a full-time teaching position for which she is qualified. Thus, plaintiff claims that on the basis of her service during 1983-85, she should be entitled to preferential hiring indefinitely, irrespective of the amendment's later imposition of time limits. We disagree.

Although retrospective application of a law is improper when the law takes away or impairs

vested rights acquired under existing laws or attaches a new disability with respect to transactions or consideration already passed, *In re Certified Questions (Karl v Bryant Air Conditioning Co),* 416 Mich 558; 331 NW2d 456 (1982), plaintiff has failed to establish the existence of a vested right. A vested right has been described by our Supreme Court as an accrued cause of action where all the facts have become operative and are known. *Id.,* p 573. Here, prior to the amendment, plaintiff had no tangible right, only the potential of a future job offer. The cause of action did not accrue until August 1986, the time defendant had available teaching positions, by which time plaintiff's employment preference had been extinguished by the amendment.

The concept of vested rights is explained more fully in *Lahti v Fosterling,* 357 Mich 578; 99 NW2d 490 (1959), which involved retrospective application of an amendment of the workers' compensation act to allow the plaintiff the benefit of the improved medical care remedy for an injury that occurred, thus triggering the accrual of the cause of action, before the amendment. The majority in *Lahti* recognized:

> The question of determining what is a vested right has always been a source of much difficulty to all courts. The right which defendants claim sprang from the kindness and grace of the legislature. It is the general rule that that which the legislature gives, it may take away. A statutory defense, or a statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it. [357 Mich 588-589.]

Quoting *People v Lowell,* 250 Mich 349, 354-356; 230 NW 202 (1930), the *Lahti* Court added:

An amendatory act has a repealing force, by the mechanics of legislation, different from that of an independent statute. Repugnancy is not the essential element of implied repeal of specifically amended sections. The rule is:

"Where a section of a statute is amended, the original ceases to exist, and the section as amended supersedes it and becomes a part of the statute for all intents and purposes as if the amendments had always been there." 25 RCL, Statutes, § 159, p 907.

\* \* \*

Nevertheless, the old section is deemed stricken from the law, and the provisions carried over have their force from the new act, not from the former. 1 Lewis, Sutherland Statutory Construction (2d ed), § 237.

It is plain from the authorities in this State and elsewhere that the effect of an act amending a specific section of a former act, in the absence of a saving clause, is to strike the former section from the law, obliterate it entirely and substitute the new section in its place. The effect is not an arbitrary rule adopted by the courts. It is the natural and logical effect of an amendment "to read as follows." It accomplishes precisely what the words import. Any other construction would do violence to the plain language of the legislature. [357 Mich 587-588.]

Recently in *Ludka v Dep't of Treasury,* 155 Mich App 250; 399 NW2d 490 (1986), a panel of this Court held to be without merit the plaintiffs' claim that they had a vested right to a tax credit which was expressly retroactively restricted by a legislative amendment. Finding that, under Michigan standards, the question almost became one of title, the Court added:

It would seem that a right cannot be considered a vested right, unless it is something more than

> such a mere expectation as may be based upon an
> anticipated continuance of the present general
> laws; it must have become a title, legal or equita-
> ble, to the present or future enjoyment of prop-
> erty, or to the present or future enforcement of a
> demand, or a legal exemption from a demand
> made by another *Minty v Bd of State Auditors,*
> 336 Mich 370, 390; 58 NW2d 106 (1953). [155 Mich
> App 259.]

The present case involves not a contractual term, but a legislatively created statutory right that was in the nature of a mere expectancy. Until it became vested, the Legislature was free not only to alter, but to extinguish it completely. Plaintiff thus is not entitled to preferential hiring rights on the basis of her 1983-85 service.

We also reject plaintiff's claim that the five half days worked during the 1985-86 school year prior to the April 7, 1986, amendment must be calculated as full days towards the 120-day requirement for that year, for the same reason that her claim based on the 1983-85 school years failed. Plaintiff had not worked 120 days when the statute was amended, nor was there a position available at that time. Her preference, based on days worked in the 1985-86 year at the time of amendment, was nothing more than an inchoate expectancy.

Plaintiff also claims that the trial court improperly relied upon the comments of legislators in finding that the amendment was intended to apply retrospectively. However, it is proper to seek legislative intent where such intent is clearly implied by the language of an amendment or by the circumstances surrounding its enactment. See *Priest v Canada Life Assurance Co,* 179 Mich App 731, 736; 446 NW2d 352 (1989), citing *Hurd v Ford Motor Co,* 423 Mich 531; 377 NW2d 300 (1985). *Williamston v Wheatfield Twp,* 142 Mich App 714;

370 NW2d 325 (1985), cited by plaintiff, is inapposite. There, a panel of this Court found improper attempts to impeach a clear and unambiguous statute by the introduction of affidavits of individual legislators to evidence a contrary legislative intent. In the instant case, the trial court considered the Senate analysis of the proposed amendment when it considered the circumstances surrounding its enactment. We find no error.

Lastly, we are aware of no public policy, and plaintiff has provided no evidence of any, which would require a different conclusion. Generally, public policy considerations are matters for the legislative process.

Affirmed. No costs awarded.