JACKSON COMMUNITY COLLEGE CLASSIFIED & TECHNICAL
ASSOCIATION, MESPA v JACKSON COMMUNITY COLLEGE

Docket No. 122425. Submitted November 20, 1990, at Lansing. De-
cided March 18, 1991, at 9:15 A.M.

The Jackson Community College Classified and Technical Associ-
ation, Michigan Educational Support Personnel Association,
bargaining representative for noninstructional personnel at
Jackson Community College filed charges with the Michigan
Employment Relations Commission, claiming that the college's
unilateral alteration of an existing term or condition of employ-
ment during negotiation of a new collective bargaining agree-
ment was an unfair labor practice under the public employ-
ment relations act. A hearing referee held that the college had
no duty to pay step increases to association members under
provisions of the expired contract while step increases were an
issue in ongoing negotiations. The MERC determined that the
step increases were a mandatory subject of collective bargain-
ing that could not be altered unilaterally by the college until
an impasse or an agreement had been reached and that the
college had committed an unfair labor practice. The college
appealed.

The Court of Appeals *held:*

The public employment relations act requires a public em-
ployer to bargain collectively in good faith with respect to
wages, hours, and other terms and conditions of employment.
Wages, hours, and other terms and conditions of employment
that are deemed to be mandatory subjects of bargaining survive
the expiration of a collective bargaining agreement. An em-
ployer may not take unilateral actions with respect to a man-
datory subject of bargaining, absent a clear and unmistakable
waiver, until an impasse in negotiation occurs.

1. Because the step increases at issue had a significant effect
on wages, they were a mandatory subject of bargaining and
survived the expiration of the contract. The college's unilateral

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1735, 1740, 1770, 1790.
What constitutes unfair labor practice under state public employee
relations acts. 9 ALR4th 20.

change with respect to the step increases before impasse was an unfair labor practice.

2. The provision in the expired agreement that the wages, hours, terms, and conditions of employment in that agreement would remain in effect until expiration of the agreement did not amount to a clear and unmistakable waiver of the right to bargain with respect to those mandatory subjects.

Affirmed.

1. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — MANDATORY SUBJECTS OF BARGAINING — STEP PAY INCREASES.

Payment of step pay increases is a mandatory subject of bargaining under the public employment relations act where the step increases are determined by the relationship of each employee's pay grade and years of service; a unilateral refusal of an employer during contract negotiations and before impasse to implement a step pay schedule contained in an expired collective bargaining agreement is an unfair labor practice (MCL 423.201 *et seq.*; MSA 17.455[1] *et seq.*).

2. LABOR RELATIONS — MANDATORY SUBJECTS OF BARGAINING — WAIVER.

The inclusion in a collective bargaining agreement of language stating that the wages, hours, terms, and conditions of employment provided in the agreement will remain in effect until expiration of the agreement does not constitute a clear and unmistakable waiver of the right to bargain with regard to those mandatory subjects upon the expiration of the collective bargaining agreement.

*White, Beekman, Przybylowicz, Schneider & Baird, P.C.* (by *Kathryn A. VanDagens*), for the petitioner.

*George J. Brannick,* for the respondent.

Before: MACKENZIE, P.J., and MCDONALD and MURPHY, JJ.

MURPHY, J. Respondent, Jackson Community College, appeals as of right from a Michigan Employment Relations Commission ruling which found that respondent had committed an unfair labor practice by unilaterally altering existing

terms and conditions of employment during negotiation of a new collective bargaining agreement with petitioner, Jackson Community College Classified and Technical Association, MESPA. Respondent had failed to pay petitioner's members an annual step increase in wages pursuant to a provision of an expired collective bargaining agreement during the time the parties were negotiating a successor agreement. We affirm.

The facts of this case are undisputed. Petitioner is the bargaining representative of the noninstructional personnel employed by respondent. Petitioner and respondent were parties to a two-year collective bargaining agreement that expired on June 30, 1987. The collective bargaining agreement called for a general five-percent wage increase in each of its two years. The wage increases were incorporated into succeeding "grids." The grids divided jobs into several grades and provided for step increases in wages for each grade according to an employee's years of service.

Before the expiration of the collective bargaining agreement, the parties began to negotiate a successor agreement in which petitioner sought to reduce the number of steps in the grid. After the agreement expired on June 30, 1987, the first paychecks received by the employees did not reflect the step increases provided for in the final grid of the expired agreement. After inquiries to respondent regarding the step increases were not resolved to petitioner's satisfaction, petitioner filed an unfair labor practice charge on January 8, 1988, claiming that respondent's refusal to pay the step increases pursuant to the expired collective bargaining agreement was a violation of subsections 10(1)(a) and (e) of the public employment relations act, MCL 423.201 et seq.; MSA 17.455(1) et seq.

On July 25, 1989, Hearing Referee James P. Kurtz issued his decision and recommended order in favor of respondent. The hearing referee believed that respondent had no duty to pay the step increases of the expired contract while the step increases were an issue in the ongoing negotiations. Petitioner appealed to the MERC. The MERC determined that the step increases of the expired agreement were a mandatory subject of collective bargaining that could not be unilaterally altered by respondent until an impasse or an agreement was reached in negotiation. Since there was no claim that the parties had reached an impasse, the MERC found that respondent had violated its duty to bargain by failing to pay the step increases in accord with the expired agreement.

On appeal, respondent does not contest the MERC's findings of fact, only its conclusions of law. This Court may review the law regardless of the factual findings of the MERC. *Southfield Police Officers Ass'n v Southfield,* 433 Mich 168, 175; 445 NW2d 98 (1989); *Wayne Co Government Bar Ass'n v Wayne Co,* 169 Mich App 480, 485; 426 NW2d 750 (1988). This Court may determine whether a decision of the MERC is "authorized by law." Const 1963, art 6, § 28; *Southfield, supra.* A decision may be set aside on appeal if based on a "substantial and material error of law." MCL 24.306(1)(f); MSA 3.560(206)(1)(f).

The PERA governs labor relations in public employment. The provisions of the PERA are to be construed liberally in favor of public employees as compensation for the act's prohibition against striking. MCL 423.202; MSA 17.455(2); *West Ottawa Ed Ass'n v West Ottawa Public Schools Bd of Ed,* 126 Mich App 306, 315; 337 NW2d 533 (1983).

At the expiration of a collective bargaining agreement, the PERA requires a public employer to

bargain collectively in good faith "with respect to wages, hours, and other terms and conditions of employment." MCL 423.215; MSA 17.455(15). "Wages, hours, and other terms and conditions of employment" that are deemed to be "mandatory subjects" of bargaining survive the expiration of an agreement by operation of law until an impasse in negotiation occurs. *Ottawa Co v Jaklinski,* 423 Mich 1, 12-13; 377 NW2d 668 (1985); *AFSCME, Council 25 v Wayne Co,* 152 Mich App 87, 94; 393 NW2d 889 (1986). Before an impasse in the bargaining process is reached, neither party may take unilateral action with respect to a mandatory subject of bargaining, *Southfield, supra,* 178; *Jaklinski, supra,* absent a clear and unmistakable waiver. *Wayne Co Government Bar Ass'n, supra,* 486; *Lansing Fire Fighters Union v Lansing,* 133 Mich App 56; 349 NW2d 253 (1984). An employer who takes unilateral action on a mandatory subject of bargaining before an impasse has committed an unfair labor practice under the PERA. MCL 423.210(1)(e); MSA 17.455(10)(1)(e); *Southfield, supra,* 178; *Wayne Co Government Bar Ass'n, supra,* 486.

In this case, there is no dispute that an impasse in negotiations had not been reached at the time respondent unilaterally failed to grant a step increase in wages to petitioner's members. Thus, we must determine whether the step increases were a mandatory subject of bargaining and whether petitioner waived unilateral action by respondent.

What constitutes a mandatory subject of bargaining under the PERA is decided case by case. *Southfield, supra,* 178; *Manistee v Manistee Fire Fighters Ass'n,* 174 Mich App 118, 121; 435 NW2d 778 (1989). Any matter that has a significant effect on wages, hours, or other conditions of employment, or settles an aspect of the employer-em-

ployee relationship, is a mandatory subject of bargaining. *Manistee, supra,* 121-122; *Int'l Ass'n of Firefighters v Portage,* 134 Mich App 466, 473; 352 NW2d 284 (1984).

In the present case, the step increases concerned the monetary compensation of employees and clearly have a significant effect on wages. On two prior occasions, this Court has found that cost-of-living adjustment provisions are mandatory subjects of bargaining that survive the expiration of a contract during the bargaining process. See *Portage, supra,* and *Wayne Co Government Bar Ass'n, supra.* We discern no meaningful distinction between PERA's application to COLA provisions and step increases; both relate directly to wages and are capable of definite computation. Furthermore, the MERC has concluded that a wage structure set forth in a salary grid is a mandatory subject of bargaining as a condition of employment. See *Detroit Public Schools v Teamsters Local 214,* 1984 MERC Lab Op 579. We conclude that the step increases were a mandatory subject of bargaining. If respondent is permitted to unilaterally change a mandatory subject of bargaining before an impasse, it could negatively affect any attempt at good-faith bargaining as contemplated under the PERA.

We also conclude that petitioner did not waive its rights to bargain with respect to the step increases after the expiration of the agreement. Although respondent draws our attention to a provision in the expired agreement that states "The wages, hours, terms and conditions of employment provided in this Agreement shall remain in effect until . . . expiration of the Agreement," this provision does not amount to a "clear and unmistakable" waiver of the right to bargain with respect to a mandatory subject. See *Wayne Co*

*Government Bar Ass'n, supra,* 487-488, n 4; *Portage, supra,* 474; *Lansing Fire Fighters, supra,* 66. If respondent in its negotiations of the contract desired to have bargaining with respect to mandatory subjects waived, it could have done so in clear and unmistakable contractual language. It did not.

The decision and order of the MERC is affirmed.