BEDFORD PUBLIC SCHOOLS v BEDFORD EDUCATION
ASSOCIATION, MEA/NEA

Docket No. 314153. Submitted April 1, 2014, at Lansing. Decided June 10,
2014, at 9:00 a.m. Leave to appeal sought.

The Bedford Education Association (BEA) filed an unfair-labor
charge with the Michigan Employment Relations Commission
against Bedford Public Schools (respondent), alleging that the
parties had entered into a collective-bargaining agreement that
expired on June 30, 2010. The parties had begun negotiating a
new agreement, but the negotiations were unsuccessful, and the
BEA filed its unfair-labor charge on December 8, 2011. The BEA
charged that respondent had violated MCL 423.210(1)(a) by
interfering with public employees' rights and MCL
423.210(1)(e) by refusing to bargain collectively under the
public employment relations act (PERA), MCL 423.201 *et seq.*,
and that respondent had violated MCL 423.215b by failing to
increase the wages of teachers who had acquired additional
education before the 2011-2012 school year. Under the expired
agreement, a teacher's salary could be raised by a "step in-
crease" based on the teacher's years of work for the employer or
by a "lane change" based on how much graduate education the
teacher had completed. The BEA asserted that MCL
423.215b(1), which was added by 2011 PA 54, effective June 8.
2011, only prohibits step increases, not lane changes, while
negotiations for a new collective-bargaining agreement are
ongoing. The hearing officer agreed, reasoning that MCL
423.215b(1) explicitly refers to step increases but not lane
changes. MERC, however, ruled that MCL 423.215b does pro-
hibit lane changes in the absence of an effective collective-
bargaining agreement, that respondent had acted in compliance
with MCL 423.215b, and that respondent had consequently not
violated its duty to bargain under MCL 423.210(1)(e). MERC
dismissed the BEA's unfair-labor charge in its entirety, and the
BEA appealed by right.

The Court of Appeals *held*:

1. MCL 423.215b unambiguously prohibits a public employer
from paying any wage increases in the absence of an effective

collective-bargaining agreement. MCL 423.215b(1) provides that after a collective-bargaining agreement expires, a public employer must pay and provide wages and benefits at levels and amounts no greater than those in effect when the collective-bargaining agreement expired until a successor agreement is in place. The statute states that the prohibition includes increases that would result from wage step increases. The BEA argued that the explicit reference to step increases but not lane changes in MCL 423.215b(1) meant that the Legislature intended to allow lane changes during negotiations for a successor collective-bargaining agreement. "Lane change" is a term of art specific to public school teachers, however, and PERA applies to all public employees. By its plain language, then, the limitation in MCL 423.215b(1) must also include lane changes. MCL 423.215b(3) further provides that for collective-bargaining agreements that expired before June 8, 2011, the requirements of MCL 423.215b apply to limit wages and benefits to the levels and amounts in effect on that date. Therefore, MCL 423.215b unambiguously prohibited respondent from paying increased wages on the basis of lane changes accrued after 2011 PA 54 became effective on June 8, 2011.

2. The BEA also asserted that MCL 423.215b was unconstitutional, contending that the teachers had accrued a vested right in receiving lane changes at the beginning of the 2011-2012 school year and that as applied by MERC, MCL 423.215b retroactively deprived them of that accrued, vested right. MCL 423.215b, however, was not retroactively applied to the teachers, but was instead applied prospectively from its effective date of June 8, 2011. The teachers did not have a vested right under their contract because there was no collective-bargaining agreement in effect on that date. Rather, they had no more than a mere expectation that the prior law, under which a public employer was obligated to continue the wage terms of the expired collective-bargaining agreement until an impasse in negotiation occurred, would continue. The Legislature has the right to extinguish statutory rights that are not vested rights, and it enacted MCL 423.215b to prohibit public employers from increasing wages under the terms of an expired collective-bargaining agreement. MCL 423.215b did not unconstitutionally deprive the teachers of any vested right.

Affirmed.

PUBLIC EMPLOYMENT — TEACHERS — COLLECTIVE-BARGAINING AGREEMENTS — EXPIRATION — PAYMENT OF STEP INCREASES AND LANE CHANGES.

MCL 423.215b(1), which provides that after a collective-bargaining agreement expires, a public employer must pay and provide wages and benefits at levels and amounts no greater than those in effect when the collective-bargaining agreement expired until a succes-

sor agreement is in place, prohibits a public employer from paying any wage increases in the absence of an effective collective-bargaining agreement; the prohibition includes increases that would result from wage step increases, which are based on years of work for the employer, i.e., seniority, but also includes increases that would result from lane changes, which are based on how much graduate education a teacher has completed; for collective-bargaining agreements that expired before June 8, 2011, the effective date of the act that added MCL 423.215b , the statute limits the payment of wages and the provision of benefits to the levels and amounts in effect on that date.

*Collins & Blaha, PC* (by *Gary J. Collins* and *John C. Kava*), for the Bedford Public Schools.

*White, Schneider, Young & Chiodini, PC* (by *Michael M. Shoudy* and *William C. Camp*), for the Bedford Education Association, MEA/NEA.

Before: WILDER, P.J., and FITZGERALD and MARKEY, JJ.

PER CURIAM. The charging party, the Bedford Education Association (BEA), appeals by right the order of the Michigan Employment Relations Commission (MERC) determining that MCL 423.215b(1) prohibits a public-school employer, "after the expiration date of a collective bargaining agreement and until a successor collective bargaining agreement is in place," from increasing a public-school employee's salary on the basis of additional educational achievement. We conclude that MCL 423.215b does not unconstitutionally deprive public employees of any vested right and that MERC correctly applied the statute. Accordingly, we affirm.

### I. FACTS AND PROCEEDINGS

On December 8, 2011, the BEA filed its charge against respondent, Bedford Public Schools (hereinafter, "the board"), alleging that the parties had entered a

collective-bargaining agreement (CBA) effective July 1, 2007, that expired on June 30, 2010. The BEA also alleged that in May 2010 the parties began negotiating for a new CBA but that the negotiations continued to be unsuccessful. The BEA charged that the board had violated MCL 423.210(1)(a) by interfering with public employees' rights and MCL 423.210(1)(e) by refusing to bargain collectively under the public employment relations act (PERA), MCL 423.201 *et seq*. The BEA also charged that the board had violated § 15b of PERA, MCL 423.215b, by failing to increase the wages of teachers who had acquired additional education before the 2011-2012 school year.

According to the expired CBA, a teacher's salary could be raised by a "step increase" based on years of work for the employer, i.e., seniority, or by a "lane change" based on how much graduate education the teacher had completed. A lane change is also occasionally referred to as a "rail increase." A teacher's salary would be determined from a table in the CBA, with the vertical axis being years of work experience and the horizontal axis accounting for the extent of the teacher's graduate education.

Under previous Michigan law, when a CBA expired and a new CBA had not been reached, a public-school employer was obligated to pay its teachers both step increases and lane changes in accordance with the terms of the expired CBA while negotiations were ongoing and an impasse had not yet been reached. But 2011 PA 54, which became effective on June 8, 2011, added § 15b to PERA. The added section provides in relevant part:

(1) Except as otherwise provided in this section, after the expiration date of a collective bargaining agreement and until a successor collective bargaining agreement is in

place, a public employer shall pay and provide wages and benefits at levels and amounts that are no greater than those in effect on the expiration date of the collective bargaining agreement. The prohibition in this subsection includes increases that would result from wage step increases. Employees who receive health, dental, vision, prescription, or other insurance benefits under a collective bargaining agreement shall bear any increased cost of maintaining those benefits that occurs after the expiration date. The public employer is authorized to make payroll deductions necessary to pay the increased costs of maintaining those benefits.

(2) Except as provided in subsection (3), the parties to a collective bargaining agreement shall not agree to, and an arbitration panel shall not order, any retroactive wage or benefit levels or amounts that are greater than those in effect on the expiration date of the collective bargaining agreement.

(3) For a collective bargaining agreement that expired before the effective date of this section, the requirements of this section apply to limit wages and benefits to the levels and amounts in effect on the effective date of this section. [MCL 423.215b.]

The BEA argued that MCL 423.215b(1) only prohibits step increases, not lane changes, while negotiations for a new CBA are ongoing. The BEA notes that in previous decisions, MERC stated that step increases and lane changes are distinguishable components of wages. On the other hand, the board argued that MCL 423.215b(1) prohibits paying all wage increases while negotiations are ongoing.

The hearing officer presiding over the case issued a decision and recommendation that concluded that MCL 423.215b(1) does not prohibit lane changes in the absence of an effective CBA, resulting in the board having breached its duty to bargain, MCL 423.210(1)(e), by unilaterally altering existing terms

and conditions of employment when it withheld lane changes for the 2011-2012 school year. The hearing officer reasoned that MCL 423.215b(1) explicitly refers to step increases but not lane changes; consequently, lane changes were not within the statute's scope. The hearing officer also reasoned that the purpose of MCL 423.215b is to pressure public employees to reach a new CBA without undue delay. The hearing officer further reasoned that this purpose was advanced by prohibiting step increases because nearly all public employees receive step increases. On the other hand, prohibiting lane changes would not pressure all public employees because relatively few earn lane changes.

The board timely filed exceptions to the hearing officer's recommended order, and MERC ruled that MCL 423.215b does prohibit paying lane changes in the absence of an effective CBA. MERC first determined that MCL 423.215b is unambiguous. It then explained that according to its previous decisions, both step increases and lane changes are contractually mandated terms that the employer has no discretion in paying to the employee. In addressing the ultimate issue, MERC reasoned that in its prior decisions it had "treated lane changes or rail increases as a type of step increase" and that under principles of statutory construction, the Legislature must be presumed to have been aware of these prior rulings. Consequently, MERC concluded that "Act 54 prohibits the payment of step increases whether based on increased years of service or educational advancement."

On the basis of this reasoning, MERC ruled that the board had acted in compliance with MCL 423.215b when it refrained from making lane-change wage adjustments. Consequently, the board had not violated its duty to

bargain under MCL 423.210(1)(e). MERC therefore dismissed the BEA's unfair labor charge in its entirety. The BEA now appeals by right.

II. ANALYSIS

A. STANDARD OF REVIEW

MERC's findings of fact are conclusive if supported by competent, material, and substantial evidence on the record considered as a whole. MCL 423.216(e); Const 1963, art 6, § 28. "Legal rulings of an administrative agency are set aside if they are in violation of the constitution or a statute, or affected by a substantial and material error of law." *Amalgamated Transit Union v Southeastern Mich Transp Auth*, 437 Mich 441, 450; 473 NW2d 249 (1991). We review de novo whether an error of law has occurred, and, if so, whether it is substantial and material. *Macomb Co v AFSCME Council 25 Locals 411 & 893*, 494 Mich 65, 77; 833 NW2d 225 (2013). We also review de novo issues of statutory interpretation. *Id.*

The primary purpose of statutory interpretation is to identify and effectuate the intent of the Legislature. *Mich Ed Ass'n v Secretary of State* (*On Rehearing*), 489 Mich 194, 217; 801 NW2d 35 (2011). When the language of a statute is clear and unambiguous, judicial construction is neither permitted nor required, and the statute must be enforced as written. *Mt Pleasant Pub Sch v Mich AFSCME Council 25*, 302 Mich App 600, 608; 840 NW2d 750 (2013). "As far as possible, effect should be given to every phrase, clause, and word in the statute." *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999). Only when the statutory language is ambiguous is it "proper for a court to go beyond the statutory text to ascertain legislative intent." *Whitman v City of Burton*, 493 Mich 303, 312; 831 NW2d 223

(2013). A provision of a statute is ambiguous only if it irreconcilably conflicts with another provision or is equally susceptible to more than a single meaning. *Fluor Enterprises, Inc v Dep't of Treasury*, 477 Mich 170, 177 n 3; 730 NW2d 722 (2007).

B. DISCUSSION

We conclude that the plain language of MCL 423.215b unambiguously prohibits a public employer from paying any wage increases in the absence of an effective CBA. Therefore, we affirm without adopting MERC's reasoning.

"The PERA governs the relationship between public employees and governmental agencies." *Macomb Co*, 494 Mich at 77-78. Michigan's judiciary traditionally accords deference to MERC's interpretation of PERA. See *Southfield Police Officers Ass'n v Southfield*, 433 Mich 168, 176-177; 445 NW2d 98 (1989). Although not bound by an agency's determination on a question of law, this Court will respectfully consider the agency's construction of a statute and provide cogent reasons for construing the statute differently. *Pontiac Sch Dist v Pontiac Ed Ass'n*, 295 Mich App 147, 152; 811 NW2d 64 (2012).

The BEA argues—as it did in the proceedings before MERC—that the Legislature's explicit reference to "step increases" in MCL 423.215b(1) but not "lane changes" or "rail increases" means that the Legislature intentionally allowed for lane changes during negotiations for a successor CBA.[1] Although much of the parties' argument addresses whether and to what ex-

---

[1] The term "step increase" refers to an employee's wage increase based on years of service. See *Jackson Community College Classified & Technical Ass'n v Jackson Community College*, 187 Mich App 708, 710; 468 NW2d 61 (1991). The term "lane change" refers to a wage

tent lane changes are included within the scope of MCL 423.215b, the statute plainly addresses all public employees, not just public-school teachers. The Legislature would have no apparent reason to use technical terms that are specific to public-school teachers when drafting a statute that applies to all public employees.

The first sentence of MCL 423.215b(1) provides that when a CBA expires and before a successor CBA is reached, "a public employer shall pay and provide wages and benefits at levels and amounts that are no greater than those in effect on the expiration date of the collective bargaining agreement." Subsection (3) provides that with respect to CBAs that expired before the effective date of 2011 PA 54, June 8, 2011, "the requirements of this section apply to limit wages and benefits to the levels and amounts in effect on the effective date of this section." MCL 423.215b(3). The word "level" is relevantly defined as "a position or plane in a graded scale of value[s]." *Random House Webster's College Dictionary* (1997). The word "amount" is relevantly defined as "quantity; measure[.]" *Id.*[2] Thus, the first sentence of Subsection (1) and Subsection (3) of MCL 423.215b, read together, provide that the board may pay its teachers no more than the quantity of wages and benefits of the wage scale applicable on the effective date of 2011 PA 54. Logically, this limitation on quantity and scale of wages would include lane changes, as lane changes increase both wage quantity and wage scale.

The second sentence of MCL 423.215b(1) provides that "[t]he prohibition in this subsection includes in-

_____

increase based on the extent of graduate education. See *Ed Minnesota-Greenway, Local 1330 v Indep Sch Dist No 316*, 673 NW2d 843, 846 n 1 (Minn App, 2004).

[2] When a statute does not expressly define a term, a court may consult dictionary definitions for its common and accepted meaning. *Mt Pleasant Sch*, 302 Mich App at 608.

creases that would result from wage step increases."
But the word "includes" may be used by the Legislature
as a term of enlargement or of limitation, so the word in
and of itself is not determinative of how it is intended to
be used. *Frame v Nehls*, 452 Mich 171, 178-179; 550
NW2d 739 (1996). In some cases, the word "includes"
may limit the pertinent category. *Id.* at 179. But in
other cases the context of its use demonstrates that the
term "includes" refers to nonexclusive examples of the
pertinent class. See *Sharp v Benton Harbor*, 292 Mich
App 351, 356; 806 NW2d 760 (2011); *Attorney General
ex rel Dep't of Natural Resources v Huron Co Rd Comm*,
212 Mich App 510, 518; 538 NW2d 68 (1995), lv den 451
Mich 909, 909-910 (1996) (nullifying the precedential
effect of the Court of Appeals' opinion).

The BEA argues that if MCL 423.215b(1) is con-
strued as prohibiting lane changes in the absence of a
new CBA, the sentence "The prohibition in this subsec-
tion includes increases that would result from wage
step increases" would be rendered nugatory. But this
argument lacks merit if the phrase "includes increases
that would result from wage step increases" is intended
as illustrative rather than exhaustive. We conclude that
the board correctly argues that if MCL 423.215b(1) is
construed as allowing lane changes before a new CBA is
reached, it would conflict with the statute's command
that "a public employer shall pay and provide wages
and benefits at levels and amounts that are no greater
than those in effect on the expiration date of the
collective bargaining agreement." Thus, the BEA's ar-
gument fails in light of the statute's plain language that
limits all wage and benefit increases in the absence of a
new CBA. This reading of the statute is also confirmed
by the last two sentences of MCL 423.215b(1), which
requires public employees receiving nonwage benefits
to "bear any increased cost of maintaining those ben-

efits that occurs after the expiration date" of a CBA and before a new CBA is reached.

MCL 423.215b(1) states, "Except as otherwise provided in this section, . . . a public employer shall pay and provide wages and benefits at levels and amounts that are no greater than those in effect on the expiration date of the collective bargaining agreement." The introductory clause, "Except as otherwise provided in this section," establishes that the levels and amounts of wages and benefits may only increase when explicitly provided for in MCL 423.215b or when a new CBA is reached. So with respect to insurance benefits, MCL 423.215b(1) and (4)(b) permit a public employer to pay for and provide increased insurance benefits when a public employee's marital or dependent status changes. Yet there is no language in MCL 423.215b to provide for lane changes as a permissible wage increase. So, concluding that lane changes are allowed in the absence of an effective CBA would conflict with the introductory clause of MCL 423.215b(1).

The fallacy of the BEA's argument is further demonstrated by its logical extension: all wage increases that are not step increases, such as cost of living adjustments, would be permitted under the statute. But the plain language indicates that the Legislature intended the phrase "levels and amounts" to limit all "wages and benefits" "[e]xcept as otherwise provided in this section." MCL 423.215b(1).

For these reasons, we conclude that the language of MCL 423.215b unambiguously prohibits the board from paying increased wages on the basis of lane changes accrued after 2011 PA 54 became effective on June 8, 2011, and before a successor CBA was reached. Because the statute's language is clear and unambiguous and no further judicial construction is required or permitted,

*Mt Pleasant Sch*, 302 Mich App at 608, we decline to address the BEA's additional arguments regarding statutory construction and MERC's reasoning.

Finally, we reject the BEA's argument that MCL 423.215b is unconstitutional. The BEA contends that at the beginning of the 2011-2012 school year its members had accrued a vested right in receiving lane changes and that as applied by MERC, MCL 423.215b retroactively deprived its members of the accrued, vested right of lane changes. We conclude that MCL 423.215b did not unconstitutionally deprive the teachers of any vested right.

MCL 423.215b was not retroactively applied to the teachers. MCL 423.215b was applied prospectively from its effective date of June 8, 2011, as MCL 423.215b(3) states that "[f]or a collective bargaining agreement that expired before the effective date of this section, the requirements of this section apply to limit wages and benefits to the levels and amounts in effect on the effective date of this section." In other words, MERC correctly applied MCL 423.215b to limit wages and benefits to the levels and amounts in effect on June 8, 2011, not the levels and amounts in effect on June 30, 2010. The BEA teachers did not have a vested right under their contract because there was no CBA in effect at the time the statute became effective. See *Ottawa Co v Jaklinski*, 423 Mich 1, 7; 377 NW2d 668 (1985) (holding that rights subject to bargaining do not survive the expiration of a CBA). For the reasons explained below, the teachers had no vested right under PERA.

"[A] vested right is something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws; it must have become a title, legal or equitable, to the present or

future enjoyment of property, or to the present or future enforcement of a demand . . . ." *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 370-371; 803 NW2d 698 (2010) (citations and quotation marks omitted). Under prior law, a public employer was obligated to continue the wage terms of the expired CBA until an impasse in negotiation occurred. See *Jackson Community College Classified & Technical Ass'n v Jackson Community College*, 187 Mich App 708, 712; 468 NW2d 61 (1991). A public employer was obligated to grant step increases in wages under the terms of the expired CBA. *Id.* at 712-713. This obligation arose under PERA, which provides that a public employer must bargain in good faith on mandatory subjects of "wages, hours, and other terms and conditions of employment . . . ." MCL 423.215(1); *Amalgamated Transit*, 437 Mich at 450 n 4. But the Legislature enacted MCL 423.215b to prohibit public employers from increasing wages under the terms of the expired CBA. The Legislature has the right to extinguish statutory rights that are not vested rights as defined above. See *Morgan v Taylor Sch Dist*, 187 Mich App 5, 12; 466 NW2d 322 (1991).

In the present case, the teachers did not have a vested right that lane changes under an expired CBA would continue to apply as they did under PERA before June 8, 2011, the effective date of MCL 423.215b. Rather, the teachers had no more than a mere expectation that the prior law would continue. *Gen Motors*, 290 Mich App at 370-371. Because the expectation that the prior law would continue was not a vested right, the Legislature could validly extinguish it by amending PERA. *Morgan*, 187 Mich App at 12. Further, because it is undisputed that the teachers are seeking lane changes that accrued after June 8, 2011, MCL 423.215b was not unconstitutionally applied.

We affirm. No taxable costs under MCR 7.219, a question of public policy being involved.

WILDER, P.J., and FITZGERALD and MARKEY, JJ., concurred.